UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Teresa Readnower, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. C-1-01-654 |
| vs. | : | |
| | : | Judge Weber |
| General Ionics, Inc., | : | |
| | : | |
| Defendant. | : | |

**MOTION OF DEFENDANT GENERAL IONICS, INC. *IN LIMINE* TO EXCLUDE ADMISSION OF UNSIGNED INTERROGATORY ANSWERS**

Now comes Defendant General Ionics, Inc. ("General Ionics") and, pursuant to Rules 103(c), and 104(a) of the Federal Rules of Evidence, hereby moves this Court for an order *in limine* prohibiting Plaintiff, Teresa Readnower, from offering into evidence an unsigned erroneous Interrogatory Answer that was promptly corrected regarding the decision-makers involved in the termination of her employment. A Memorandum in Support of this Motion detailing the reasons why the Court should grant this Motion is submitted herewith.

              Respectfully Submitted,

               /s/ Jan E. Hensel
              Jan E. Hensel, Esq. (0040785) TRIAL ATTORNEY
              Joel H. Mirman, Esq. (0004904)
              Kimberly Cocroft, Esq. (0073146)
              BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
              191 W. Nationwide Blvd., Suite 300
              Columbus, Ohio 43215
              614/221-8448
              614/221-8590
              jhensel@bdblaw.com
              jmirman@bdblaw.com
              Attorneys for Defendant
              General Ionics, Inc.

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION AND BACKGROUND**

On April 12, 2002, counsel for Defendant served its Responses to Plaintiff's First Set of Interrogatories. Specifically, Interrogatory Number 6(a) requested that Defendant "identify by name and job title all persons who played *any role whatsoever* in the decision to terminate Plaintiff. (Emphasis added.) At that point in the litigation, Defendant named David McKinley, Daniel Goins, Julie Seger, and Marianne-Manson-Winsser.[1]  Subsequent to that response, and due in large part to Ms. Seger's deposition, it became clear that Ionics had insulated Mr. Goins from any role whatsoever in the termination decision.[2]  Accordingly, counsel for Defendant prepared a revised answer to Interrogatory Number 6(a) to reflect the fact that Mr. Goins was not involved in the termination decision.

Unfortunately, in revising the answer, which was served on opposing counsel on October 30, 2002, counsel for Defendant erroneously omitted the name of Ms. Winsser instead of omitting the name of Mr. Goins.[3]  The erroneous Interrogatory answer, served upon counsel for Plaintiff, however, was never signed by Ms. Seger. Counsel for Defendant forwarded the erroneous answer to Ms. Seger who detected the omission. Counsel for Defendant immediately made the necessary corrections and a verified, corrected answer was served on counsel for Plaintiff on November 6, 2002.[4]  This was clearly an inadvertent error of counsel, and did not correctly reflect the position of

---

[1] Answer to Interrogatory No. 6(a) attached to this Motion as Exhibit 1.
[2] Seger Dep. Pp.76, 77, 121-124 attached to this Motion as Exhibit 2.
[3] The answer and transmittal letter are attached to this Motion as Exhibit 3A and 3B.
[4] Attached to this Motion as Exhibit 4.

«CO2:266039_1»

Defendant with respect to the persons who "played any role whatsoever in the decision to terminate Plaintiff."[5]

Notwithstanding the foregoing, General Ionics believes that Plaintiff will attempt to introduce at trial the unsigned Interrogatory Answer sent to opposing counsel on October 30, 2002. Plaintiff's attempt to impugn the termination decision is an attempt to create confusion on the issues pending in the litigation and to mislead the jury into focusing on matters that amount to nothing more than a typographical error.

Accordingly, this Court should find that this Motion is well-taken and prohibit Plaintiff from inquiring of any witness about or offering into evidence at the December 2003 trial of this matter the unsigned Interrogatory Answers from Defendant General Ionics.

II.     **LAW AND ARGUMENT**

Plaintiff argued that Defendant has "contradicted itself with regard to the names of the decision-makers" responsible for terminating Plaintiff's employment. (Memorandum Contra Motion for Summary Judgment at p.20). As Plaintiff noted, however, Defendant is in the best position to know and to verify who made the termination decision and why. Correction and verification of the Interrogatory in question does not imply that Defendant is attempting to be covert and less than forthcoming in its responses. As was made known in the January 24, 2003 Affidavit of Jan E. Hensel,[6] the omission of the name of Ms. Manson-Winnser's name was in error – an error promptly corrected by the Corrected Revised Answer served one week later, on November 6, 2002.[7]

---

[5] The language of Interrogatory 6(a).
[6] Attached to this Motion as Exhibit 5.
[7] The letter of transmittal is attached to this Motion as Exhibit 3B.

«CO2:266039_1»

Moreover, in *Beatty v. United Parcel Serv.*[8], the court noted that "a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the *verified* pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties."[9] (Emphasis added.) While *Beatty* considered verified interrogatories in the context of determining a motion for summary judgment, this Court could infer by analogy that unverified interrogatories should also not be considered during trial of this matter.

Fed. R. Evid 103(c) provides: "In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury. Further, Fed. R Evid. 104(a) provides, in pertinent part: "Preliminary questions concerning (…) the admissibility of evidence shall be determined by the court (…)." As previously stated, the Interrogatory Answer in question was never signed or verified by the person in the best position to confirm its veracity – Julie Seger. Once, however, Ms. Seger had an opportunity to review the answer, she promptly informed counsel for the Defendant of the error and the necessary correction and verification was completed promptly. An attempt by counsel for Plaintiff to introduce into evidence an unverified Interrogatory Answer will only create unnecessary confusion in the minds of jurors and, accordingly, evidence of any kind relating to such Answer from Defendant should be held inadmissible and excluded as a matter of law.

---

[8] (2003), 267 F. Supp.2d 823, 829
[9] *See also Farra v. General Motors Corp.*(2001), 163 F. Supp.2d 894, 902.

«CO2:266039_1»

**III.   CONCLUSION**

Based on the foregoing, Defendant General Ionics, Inc. respectfully requests that this Court grant its Motion and prohibit any evidence, in whatever form, that involves or relates to an unverified Interrogatory Answer from Defendant General Ionics, Inc.

Respectfully Submitted,

　　　/s/ Jan E. Hensel
Jan E. Hensel, Esq. (0040785) TRIAL ATTORNEY
Joel H. Mirman (004904)
Kimberly Cocroft, Esq. (0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio  43215
614/221-8448
614/221-8590
jhensel@bdblaw.com
jmirman@bdblaw.com
Attorneys for Defendant
General Ionics, Inc.

«CO2:266039_1»

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                /s/ Jan E. Hensel
                Jan E. Hensel