UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Teresa Readnower, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. C-1-01-654 |
| vs. | : | |
| | : | Judge Weber |
| General Ionics, Inc., | : | |
| | : | |
| Defendant. | : | |

**MOTION OF DEFENDANT GENERAL IONICS, INC. *IN LIMINE* TO EXCLUDE ADMISSION OF CERTAIN EVIDENCE OR ALTERNATIVELY, TO REDACT REFERENCES TO CLAIMS OF SEXUAL HARASSMENT AND GENDER DISCRIMINATION**

Now comes Defendant General Ionics, Inc. ("General Ionics") and, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, hereby moves this Court for an order *in limine* prohibiting Plaintiff, Teresa Readnower, from offering into evidence testimony and exhibits relating to her claims of sexual harassment and gender discrimination. A Memorandum in Support of this Motion detailing the five matters Defendant seeks to exclude and the reasons why the Court should grant this Motion is submitted herewith.

Respectfully Submitted,

     /s/ Jan E. Hensel
Jan E. Hensel, Esq. (#0040785) TRIAL ATTORNEY
Joel Mirman, Esq. (#004904)
Kimberly Cocroft (#0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
614/221-8448
614/221-8590
jhensel@bdblaw.com
jmirman@bdblaw.com
Attorneys for Defendant
General Ionics, Inc.

1

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION AND BACKGROUND**

This Court granted Defendant's Motion for Summary Judgment on Plaintiff's claims of sexual harassment and gender discrimination and on her public policy claim to the extent it is premised on alleged sexual harassment, gender discrimination, and an FMLA violation. (Order at p. 27). As a result, the only claims remaining for trial in this matter, currently scheduled to proceed on December 8, 2003, are retaliation and an FMLA violation.

Notwithstanding the foregoing, General Ionics believes that Plaintiff will attempt to introduce the following at trial: 1) Plaintiff's own testimony about alleged sexual harassment and gender discrimination; 2) a letter from her counsel, dated October 13, 2003, raising allegations of sexual harassment, gender discrimination, FMLA violations, and retaliation[1]; 3) an EEOC claim filed by Plaintiff on January 18, 2001, alleging gender discrimination, sexual harassment, and/or retaliation[2]; 4) testimony from Charlotte Ray, consistent with her affidavit, that Ms. Ray was sexually harassed by Defendant and that Defendant made sexually harassing comments about Plaintiff[3]; and 5) a report from Dr. Jill W. Bley, dated September 13, 2002, concluding that Plaintiff suffered from symptoms commonly observed in victims of sexual harassment and discrimination.[4] All of this evidence involves claims previously adjudicated by this Court, and to the extent that Plaintiff seeks to introduce such, General Ionics contends that its relevance is substantially outweighed by the danger of its unfair prejudice and confusion of the issues, and would also mislead the jury.

---

[1] Attached to this Motion as Exhibit 1.
[2] Attached to this Motion as Exhibit 2.
[3] Attached to this Motion as Exhibit 3.
[4] Attached to this Motion as Exhibit 4.

Accordingly, this Court should find that this Motion is well-taken and prohibit Plaintiff from inquiring of any witness about or offering into evidence at the December 2003 trial of this matter any documentary or other evidentiary material regarding her claims of sexual harassment and gender discrimination against Defendant General Ionics. In the alternative, this Court should redact the evidence in question to eliminate any references to claims of sexual harassment and gender discrimination. <u>Defendant is willing to stipulate that Plaintiff has met the first two prongs of her retaliation claim</u> in that Plaintiff was engaged in a protected activity and that Defendant was aware of this activity.

## II.  LAW AND ARGUMENT

### A.  The Documentary and Other Evidentiary Material Alleging Claims of Sexual Harassment and Gender Discrimination Is Not Relevant to This Matter and Should Not Be Admitted.

Federal Rules of Evidence 401, 402 and 403 provide the framework for this Motion. Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 provides, in pertinent part: "Evidence which is not relevant is not admissible." Permitting Plaintiff to introduce any of the evidence previously outlined in this Motion regarding her allegations of sexual harassment and gender discrimination will not have a tendency to make the existence of any fact that is of consequence to this litigation more or less probable. This Court has already determined that Plaintiff was not subjected to sexual harassment in the form of hostile work environment nor in a tangible detrimental job action resulting from a refusal to submit to a supervisor's sexual demands ("quid pro quo").

Consequently, pursuant to the Federal Rules of Evidence previously discussed, to the extent that Plaintiff seeks to introduce such evidence, it is not relevant to the claims in this litigation and should be prohibited as a matter of law.

> **B.  Even If Evidence Relating to Plaintiff's Claims of Sexual Harassment and Gender Discrimination are Relevant to the Claims in This Matter, Such Evidence Should Be Excluded Because of the Potential for Prejudice, Confusion of Issues, and Misleading of the Jury.**

Even assuming, *arguendo*, that evidence regarding Plaintiff's allegations of sexual harassment and gender discrimination has some relevance to this matter, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. Fed. R. Evid. 403. Specifically, if the jury for this case hears and believes evidence regarding the following – Plaintiff's own testimony alleging sexual harassment and/or gender discrimination, Plaintiff's four claims of sexual harassment as outlined by her counsel in a letter to Defendant; allegations of sexual harassment leveled by Charlotte Ray; that Plaintiff filed claims alleging sexual harassment and gender discrimination against Defendant with EEOC; and that Plaintiff's expert, Dr. Jill Bley, believes that Plaintiff suffers from symptoms consistent with someone who has been subjected to sexual harassment and discrimination – it might give undue weight or be confused and misled into thinking it would be appropriate to punish General Ionics as a result of these actions, which the Court has already determined do not give rise to a claim for relief. Despite the fact that this evidence has no bearing on the parties and claims in this litigation, the jury may, nonetheless, consider such evidence in its deliberations. To avoid this likely prejudicial result, evidence of any kind relating to Plaintiff's claim of sexual harassment and gender discrimination should be excluded as a matter of law.

### III. CONCLUSION

Based upon all of the foregoing, Defendant General Ionics, Inc. respectfully requests that this Court grant its Motion and prohibit any evidence in whatever form, that involves or relates to Plaintiff's claim of sexual harassment and gender discrimination. In the alternative, Defendant General Ionics, Inc. requests that the court redact any references to claims of sexual harassment and gender discrimination from evidence admitted in litigation of this matter.

Respectfully submitted,

/s/ Jan E. Hensel
Jan E. Hensel, Esq. (#0040785) TRIAL ATTORNEY
Joel H. Mirman (#0004904)
Kimberly Cocroft (#0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
614/221-8448
614/221-8590
jhensel@bdblaw.com
jmirman@bdblaw.com
Attorneys for Defendant
General Ionics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Jan E. Hensel
                                                Jan E. Hensel

«CO2:265980_1»