# FREKING & BETZ

*Attorneys At Law*

RANDOLPH H. FREKING
SHEILA M. SMITH
CAROL S. WOOD
MARSHA CALLOWAY-CAMPBELL
CARRIE ARONE BARRON*
KELLY MULLOY MYERS
TAMARA F. STENZEL
STEVEN R. ADAMS
SANDRA L. STEELE
WILLIAM C. HICKS
GEORGE M. REUL, JR.

215 EAST NINTH STREET
FIFTH FLOOR
CINCINNATI, OHIO 45202

TELEPHONE: (513) 721-1975
FACSIMILE: (513) 651-2570

www.frekingandbetz.com

CBarron@frekingandbetz.com

50 EAST RIVERCENTER BOULEVARD
SUITE 400
COVINGTON, KENTUCKY 41011

TELEPHONE: (606) 292-2510
FACSIMILE: (513) 651-2570

*Also Admitted in Kentucky
**Also Admitted in Indiana and Illinois

October 13, 2000

VIA OVERNIGHT DELIVERY

Mr. David McKinley
3380 Cavalier Trail
Cuyahoga Falls, Ohio 44224

      Re:    Teresa Readnower

Dear Mr. McKinley:

      Our firm has been contacted by Teresa Readnower in connection with the terms and conditions of her employment at General Ionics under the supervision of Danny Goins. We are extremely concerned about her work environment, and particularly its impact on her health. Please provide a written response to this letter within five business days.

      Ms. Readnower has worked for General Ionics since January of 1992, most recently as the Marketing Supervisor. She has reported directly to Mr. Goins since he assumed supervision approximately three months ago. During her employment, Teresa has performed her job responsibilities extremely competently, and her compensation has reflected her favorable job performance as part of her compensation is dependent upon the success of the Marketing Department.

      I understand that Ms. Readnower very recently sought your assistance to remedy the extremely hostile working conditions under Danny Goins. You assured Ms. Readnower that you would investigate the situation and contact her with a response. Instead, we understand that you reported the entire conversation to Mr. Goins. He has since made her work environment exponentially more stressful and difficult. In fact, on October 11, Mr. Goins dramatically changed Ms. Readnower's work schedule to Monday through Thursday, 2:00 to 9:00, Friday alternate shift, and every Saturday, 9:00 a.m. to 12:45 p.m. (I have enclosed a copy of the October 11 memorandum for your reference.) Before October 11, Ms. Readnower was never required to work every evening and Saturday, and we understand that no other supervisor in Ms. Readnower's position within the company is required to work this type of hours.

000020

KING & BETZ

October 13, 2000
Page Two

In the memorandum, Mr. Goins also criticizes Ms. Readnower's absences. Unfortunately, Mr. Goins may not have read the Family Medical Leave Act, which prohibits employers from retaliating or taking adverse action against employees because of medical conditions that require medical attention. Most, if not all, of Ms. Readnower's absences have been directly related to the medical difficulties she is having because of the stress Mr. Goins is placing on her.

In fact, Mr. Goins' treatment of Ms. Readnower after she was required to undergo a colonoscopy is illuminating. Ms. Readnower was scheduled for a colonoscopy on September 14, 2000, and was required to take medication at certain intervals of time to prepare her for the procedure. After one of the treatments, Ms. Readnower was going to be required to be at home. Mr. Goins attempted to require Ms. Readnower to change her dosing schedule and return to work that afternoon. Ms. Readnower's physician was extremely upset when Ms. Readnower contacted him to request the change in schedule, and directed Ms. Readnower not to change her dosing schedule. Mr. Goins also became upset, and on the day of the colonoscopy, contacted Ms. Readnower at home and requested that she return to work that night. Mr. Goins' treatment became so harassing that Ms. Readnower was forced to contact her physician, Ronald S. Schneider, who faxed a note to Mr. Goins instructing him on her prep instructions for the colonoscopy. (I have enclosed a copy of that note for your review, as well.)

During the past three months that Mr. Goins has been Ms. Readnower's supervisor, she has suffered extreme emotional distress. Mr. Goins treats Ms. Readnower with extreme hostility and disrespect. His treatment is so obvious that many of Ms. Readnower's co-workers, including many who work closely with Mr. Goins, have commented to her regarding the extremely negative treatment of her that they have witnessed. The conduct toward Ms. Readnower is difficult to comprehend. However, other factors add some illumination to this analysis.

First, we understand that Ms. Readnower is the only female manager in the office, and the only manager being treated with such disdain and hostility. The other managers and assistant managers, John Maleck, Barry Daly and Brian Huckstep, are treated favorably and respectfully by Mr. Goins. Ms. Readnower is the only target of his vitriolic conduct.

Second, we understand that Mr. Goins has made sexually inappropriate remarks to Ms. Readnower during their employment together. Mr. Goins has been the subject of other sexual harassment complaints in the past, and we are concerned that he may be trying to get rid of Ms. Readnower before she brings to light her concerns about his conduct.

Ms. Readnower is extremely concerned about her job security of her employment with General Ionics. At this time in her life, after nearly nine years of service, Ms. Readnower should be able to enjoy the fruits of her successful employment with the company. Instead, she must fight every day for her job.

000021

JG & BETZ

October 13, 2000
Page Three

        We believe that Mr. Goins' conduct violates the Family Medical Leave Act, Title VII
of the Civil Rights Act and its Ohio statutory counterpart.  Please investigate this conduct and
contact us with the results of your investigation, as well as assurance that his abuse and
harassment of Ms. Readnower will desist immediately.

                                        Sincerely,

                                        Carrie Atkins Barron

CAB/smh
Enclosures (October 11 memorandum; note from Dr. Schneider)
cc:    Mr. Jack Bredel  -

000022