**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Teresa Readnower, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. C-1-01-654 |
| vs. | : | |
| | : | Judge Weber |
| General Ionics, Inc., | : | |
| | : | |
| Defendant. | : | |

**PROPOSED JURY INSTRUCTIONS OF DEFENDANT, GENERAL IONICS**

Defendant, General Ionics, submits the following proposed jury instructions for the upcoming trial in the above-captioned matter. General Ionics reserves the right to add to, delete or modify these proposed jury instructions depending on the course of trial.

Respectfully submitted,


_____/s/ Jan E. Hensel_____
Jan E. Hensel (#0040785)
Joel H. Mirman (#0004904)
Kimberly Cocroft (#0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215-3506
Phone: (614) 221-8448  Fax: (614) 221-8590
E-mail:  jhensel@bdblaw.com
            jmirman@bdblaw.com
Attorneys for Defendant, General Ionics

«CO2:257344_2»

## TABLE OF CONTENTS

Jury
Instruction
No.              Title                                                                 Page

1       INTRODUCTION ................................................................................................ 3

2       THE PARTIES .................................................................................................... 4

3       STATEMENT OF THE CASE ............................................................................ 5

4       BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE .................... 6

5       EVIDENCE AND INFERENCES ........................................................................ 7

6       EVIDENCE EXCLUDES .................................................................................... 8

7       CREDIBILITY ..................................................................................................... 9

8       RETALIATION – TITLE VII PROTECTED ACTIVITY ..................................... 10

9       RETALIATION – FAMILY AND MEDICAL LEAVE ACT ................................. 11

10      RETALIATION – EMPLOYER'S LEGITIMATE, NON-DISCRIMINATORY REASONS;
        PRETEXT ......................................................................................................... 12

11      HONEST BELIEF RULE ................................................................................... 13

12      MIXED MOTIVE ANALYSIS ............................................................................. 14

13      BREACH OF PUBLIC POLICY ........................................................................ 16

14      DAMAGES ....................................................................................................... 17

15      MITIGATION OF DAMAGES ............................................................................ 19

16      PUNITIVE DAMAGES ...................................................................................... 20

17      PROXIMATE CAUSE ....................................................................................... 21

18      NO DOUBLE RECOVERY ................................................................................ 22

19      CLAIMS NOT INVOLVED IN THIS LITIGATION ............................................. 23

**JURY INSTRUCTION NO. 1**
**INTRODUCTION**

Members of the jury:  You have heard the evidence and the arguments of counsel.  It is now the duty of the Court to instruct you on the law which applies to this case.  The Court and the jury have separate functions.  You decide the disputed facts and I give the instructions of law. It is your sworn duty to accept these instructions and to apply the law as it is given to you.  You are not permitted to change the law, nor to apply your own idea of what you think the law should be.  Moreover, the law does not permit you to be controlled by sympathy, prejudice or public opinion.[1]

---

[1] Adapted from Federal Jury Practice and Instructions §103.01 (5th Ed. 2000); hereafter "Fed. Jury Prac. & Instr. §__"

**JURY INSTRUCTION NO. 2**
**THE PARTIES**

The Plaintiff in this case is Teresa Readnower (hereafter referred to as "Plaintiff"). As Plaintiff, she has the burden of proving by a preponderance of evidence the elements of her claims against the Defendant. I will explain to you later in these instructions the elements of her claims which she must prove.

The Defendant in this case is General Ionics (hereafter referred to as "Ionics").

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation such as Ionics is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.[2]

---

[2] Fed. Jury Prac. & Instr. §103.12.

**JURY INSTRUCTION NO. 3**
**STATEMENT OF THE CASE**

Plaintiff claims that Ionics:

1.  Retaliated against her for:

    a.  engaging in protected activity under Title VII by sending a letter from her attorney complaining of employment discrimination and by filing an EEOC charge; and

    b.  taking leave from work under the Family and Medical Leave Act.

2.  She also claims that Ionics violated public policy by retaliating against her for engaging in protected activity.

Ionics denies every one of Plaintiff's claims.   It is Ionics' position that Plaintiff was not retaliated against in any way.  Ionics further asserts that Plaintiff's eventual termination was the caused by her own actions and not due to her protected activity.

## JURY INSTRUCTION NO. 4
## BURDEN OF PROOF / PREPONDERANCE OF THE EVIDENCE

The person who claims that certain facts exist must prove them by a preponderance of the evidence.  This duty is known as the burden of proof.[3]

The burden of proof in this case is on the Plaintiff, Teresa Readnower, to prove every essential element of  her case by a preponderance of the evidence.  If Plaintiff fails to establish any essential element of her claim by a preponderance of the evidence, you must find in favor of Ionics on that claim.

To establish something by "preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence, as when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind belief that what is sought to be proved is more likely true than not true.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, regardless of who produced it. [4]

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.[5]

---

[3] 1 Ohio Jury Instructions §3.10; hereafter "OJI."
[4] Fed. Jury Prac. & Instr. §  104.01 and cases cited therein.
[5] 1 OJI §3.50.

## JURY INSTRUCTION NO. 5
## EVIDENCE AND INFERENCES

Generally speaking, there are two types of evidence that are presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of the evidence in the case, both direct and circumstantial.[6]

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.[7]

---

[6] Fed. Jury Prac. & Instr. § 104.05
[7] Fed. Jury Prac. & Instr. § 104.20.

**JURY INSTRUCTION NO. 6**
**EVIDENCE EXCLUDES**

The evidence does not include any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you, but are not evidence.

Statements or answers ordered stricken, or to which the Court sustained an objection, or which you were instructed to disregard, are not evidence and must be treated as though you never heard them.

You must not guess why the Court sustained the objection to any question or what the answer to such question might have been. You must not consider as evidence any suggestion included in a question that was not answered.[8]

---

[8] 1 OJI §5.20.

**JURY INSTRUCTION NO. 7**
**CREDIBILITY**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.

To weigh the evidence, you must consider the credibility of the witnesses.  You will use the tests of truthfulness which you use in your daily lives.

These tests include the appearance of each witness upon the stand; their manner of testifying; the reasonableness of their testimony; the opportunity they had to see, hear and know the things concerning which they testified to; their accuracy of memory; frankness or lack of it; intelligence, interest and bias, if any; together with all the facts and circumstances surrounding the testimony.  Use these tests and assign to each witness' testimony such weight as you think proper.

You are not required to believe the testimony of any witness simply because he or she was under oath.  You may believe or disbelieve all or any part of the testimony of any witness.  It is your duty to determine what testimony to believe and what testimony not to believe.

If statements in a deposition differ from the testimony given by the same witness in the courtroom, you may consider them to test the credibility of such witness. [9]

---

[9] 1 OJI §§ 5.30, 5.31.

## JURY INSTRUCTION NO. 8
## RETALIATION – TITLE VII PROTECTED ACTIVITY

Plaintiff claims that Ionics retaliated against her because she engaged in protected activity under Title VII.  In order to prove retaliation, Plaintiff must establish by preponderance of the evidence that:

1.    she engaged in protected activity;

2.    her involvement in the protected activity was known to the defendant;

3.    thereafter, Ionics took an adverse employment action against Plaintiff; and

4.    there was a causal connection between the protected activity and the adverse employment action.[10]

It is not enough for Plaintiff to merely prove that she engaged in the protected activity and that Ionics took adverse employment actions against her.  Instead, Plaintiff must prove that there is a connection between the two events.

In this case, Ionics claims that it made the decision to terminate Plaintiff's employment before she filed her EEOC charge.  If you find this to be true, Plaintiff has failed to prove a causal connection between the filing of her EEOC charge and her termination.  Employers are not required to suspend previously planned actions just because the employee filed a charge.[11]

Plaintiff must show that Ionics terminated her employment because she made the complaints and/or filed the EEOC charge and not for other valid reasons.  If Plaintiff cannot prove these facts, you must find in favor of Ionics.

---

[10] Adapted from Fed. Jury Prac. & Instr. § 171.25 and cases cited therein; *Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 792 (6th Cir. 2000);  *Strouss v. Michigan Dep't of Corrections,* 250 F.3d 336, 342 (6th Cir. 2001).
[11] *Clark Cty. School District v. Breeden*, 532 U.S. 268 (2001).

**JURY INSTRUCTION NO. 9**
**RETALIATION – FAMILY AND MEDICAL LEAVE ACT**

Plaintiff also claims that Ionics retaliated against her because she took a leave of absence from work under the Family and Medical Leave Act ("FMLA"). In order to establish FMLA retaliation, Plaintiff must prove that:

1.    she availed herself of a right that is protected by the FMLA;

2.    she suffered an adverse employment decision; and

3.    there is a causal connection between the plaintiff's protected activity and this adverse employment action.[12]

To prevail on this claim, Plaintiff must show that Ionics terminated her employment solely because she took FMLA leave and not for other valid reasons. If Plaintiff cannot prove all three elements of her claim, you must find in favor of Ionics.

---

[12] *Soletro v. National Fed'n Indep. Bus.*, 130 F.Supp.2d 906, 913 (N.D. Ohio 2001) citing *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990).; *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).

## JURY INSTRUCTION NO. 10
## RETALIATION – EMPLOYER'S LEGITIMATE, NON-DISCRIMINATORY REASONS; PRETEXT

Even if you do find that Plaintiff proved the elements of her retaliation claims, you must consider whether Ionics set forth a legitimate, non-retaliatory reason for the actions it took.[13]  In other words, did Ionics present a legitimate business reason for Ionics' decision to terminate her employment?  Ionics need not prove its legitimate, non-retaliatory reasons; it need only articulate what they were.[14]

In this case, Ionics asserts that it had a legitimate reason to terminate Plaintiff's employment because of her serious misconduct as a supervisor by mistreating her employees and providing alcohol to and drinking with those she supervised, including underage individuals, during work hours.  Ionics claims that it based its employment decisions on these reasons alone and not on any unlawful basis, such as Plaintiff's use of FMLA leave or because she filed an EEOC charge.

If you find that Ionics did set forth legitimate, non-discriminatory and non-retaliatory reasons for the termination of Plaintiff's employment, then Plaintiff can only prevail on her claims by proving that those reasons were a pretext for discrimination or retaliation.  In order to make this proof, Plaintiff must show that Ionics' reasons were either false, not the real motivating factor behind Ionics' decisions or were insufficient to motivate Ionics' decision.[15]  If Plaintiff cannot prove any of these three factors, you must find in favor of Ionics.

---

[13] Adapted from Fed. Jury Prac. & Instr. §171.77 and cases cited therein.
[14] *Burton v. State of Ohio*, 798 F.2d 164, 165-166 (6th Cir. 1986); *Bd. of Trustees of Keene State College v. Sweeny*, 439 U.S. 24 (1978).
[15] Adapted from Fed. Jury Prac. & Instr. §171.77 and cases cited therein; *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1084 (6th Cir. 1994).

## JURY INSTRUCTION NO. 11
## HONEST BELIEF RULE

As we have discussed in the previous instruction, Ionics asserts that it terminated Plaintiff's employment due to Plaintiff's supervisory misconduct.  Ionics has presented evidence of its business reasons for determining that Plaintiff  engaged in misconduct as a supervisor, and that it relied on particular facts in terminating the Plaintiff's employment.

If after considering the evidence presented by both Ionics and Plaintiff, you find that Ionics honestly believed that it had legitimate business reasons for terminating Plaintiff's employment, even if the facts relied upon were incorrect, you must find that Ionics' basis for the employment decisions are  legitimate, non-discriminatory, and non-retaliatory and not pretext for unlawful conduct.[16]

Keep in mind that the law does not require that Ionics' decision-making or investigation process to be optimal or that it left no stone unturned.  Rather, the key inquiry is whether Ionics made a reasonably informed and considered decision before taking action with respect to Plaintiff's employment.

If you find that Ionics' decisions were not pretextual, that they were legitimate and non-discriminatory, then you must also find that Plaintiff cannot meet her burden of proof with regard to her claims and you must find in favor of Ionics in regard to her claims.

---

[16] *Smith v. Chrysler Corp.* (6th Cir. 1998), 155 F.3d 799.

## JURY INSTRUCTION NO. 12
## MIXED MOTIVE ANALYSIS

Plaintiff claims that the adverse employment action was the product of both legitimate and illegitimate motives.[17]  If you find that to be true, then a burden-shifting framework is created wherein Plaintiff has a burden of proof and Ionics has a burden of proof.

Under this mixed-motive analysis, Plaintiff must produce direct evidence that Ionics considered impermissible factors when it made the adverse employment decision at issue.[18]  If Plaintiff has shown that the unfavorable employment decision was made at least in part on a discriminatory basis, the burden then shifts to Ionics to prove by a preponderance of the evidence that it would have taken the same adverse employment action even if impermissible factors had not entered into its decision.[19]  The only circumstance under which you must go through this analysis is if you first find that Plaintiff has proven that the adverse employment action was based on a mixture of legitimate and illegitimate motives.

In other words, if you find that Ionics' adverse employment decision was motivated both by an illegitimate motive and a lawful reason, you must then determine if Ionics has proved by a preponderance of the evidence that it would have made the same decision if the illegitimate motive had played no role in the adverse employment decision.[20]

In this case, Ionics asserts that it had a legitimate reason to terminate Plaintiff's employment because of her serious misconduct as a supervisor by mistreating employees and providing alcohol to and drinking with those she supervised, including underage individuals,

---

[17] *Wexler v. White's Fine Furniture* 317 F.3d 564, 571 (6th Cir. 2003), citing *Price Waterhouse v. Hopkins* 490 U.S. 228, 247 (1989).
[18] *Id.*
[19] *Id.*
[20] Adapted from Fed. Jury Prac. & Instr. §171.103 and cases cited therein.

during work hours.  If you find that Ionics has met its burden of proof in a mixed motive analysis with regards to Plaintiff's claims, you must find in favor of Ionics.

## JURY INSTRUCTION NO. 13
## BREACH OF PUBLIC POLICY

Plaintiff claims that the termination of her employment violated public policy.  In order

to set forth a public policy claim, Plaintiff must show that:

(1)     a clear public policy existed and was manifested in the state or federal
        constitution, statute or administrative regulation or common law;

(2)     dismissing or disciplining Plaintiff as the result of the alleged
        discriminatory circumstances would jeopardize the public policy asserted;

(3)     Plaintiff's dismissal or discipline was motivated by conduct related to the
        public policy; and

(4)     Defendant lacked an overriding legitimate business justification for the
        dismissal or discipline.[21]

In order to prevail on her public policy cause of action, Plaintiff must have proven the

previously described tests for retaliation.  In other words,  you must determine that Plaintiff was

wrongfully terminated because she engaged in protected activity.  If you conclude that Plaintiff

was not terminated in retaliation for her protected activity, then Plaintiff's public policy claim

must fail and you must find for Ionics as to this cause of action.[22]

---

[21]   The clarity element and the jeopardy element are matters of law for the Court to decide. *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 151 (1997).

[22]   K*ulch*, 78 Ohio St.3d at 150; *Painter v. Graley*, 70 Ohio St.3d 377 (1994); *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228 (1990).

## JURY INSTRUCTION NO. 14
## DAMAGES

I will now give you instructions on how to calculate damages. The fact that I do so does not mean that I think you should award any damages -- that is entirely for you to decide.

If you find Ionics liable for any of Plaintiff's claims, Plaintiff is entitled to recover an amount which will reasonably compensate her for the loss and damage she has suffered as a result of Ionics' unlawful conduct. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Ionics. Moreover, Plaintiff cannot recover any damage more than once for the same harm. Furthermore, conduct by Ionics that does not cause harm to Plaintiff does not entitle her to damages. By the same token, Plaintiff is not entitled to damages for harm which is not the result of unlawful conduct by Ionics.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based upon sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you find that any of Plaintiff's claims are true, you may award her reasonable compensation for the following: financial losses, pain, suffering, and physical and emotional distress. Plaintiff may also be entitled to back pay. Back pay is that compensation which Plaintiff would have received if Defendant had not retaliated against her. This amount would consist of the wages and employee benefits Plaintiff would have received from the date of Defendant's discriminatory compensation to the date of trial.[23]

---

[23] See Fed. Jury Prac. & Instr. §171.91 and cases cited therein.

You may not award damages based simply on speculation or guesswork.  Any award must fairly compensate Plaintiff for her injury but must have a basis in the evidence and be reasonable in light of that evidence.[24]

---

[24] Adapted from Fed. Jury Prac. & Instr. §171.90 and cases cited therein; *Sutherland v. Nationwide General Ins. Co.*, 96 Ohio App.3d 793 (1994).

## JURY INSTRUCTION NO. 15
## MITIGATION OF DAMAGES

Plaintiff has a duty to mitigate her damages by taking advantage of any reasonable opportunity to reduce or minimize the loss or damage.  For example, Plaintiff must have been reasonably diligent in seeking equivalent employment.  Therefore, if you determine that Plaintiff is entitled to back pay, you must subtract from this amount the total amount Plaintiff has earned during the same period in wages, earnings, or other incoming benefits, including all payments received from Defendant.  You must also subtract any amount that Plaintiff could have earned during this period if Ionics proves that Plaintiff failed to make reasonable efforts to find work or take advantage of opportunities to minimize her damages.

So, if Ionics shows by a preponderance of the evidence that Plaintiff could have done something to lessen her alleged harm but failed to do so, for example, failed to seek out or take advantage of a business or employment opportunity that was reasonably available, then you should reduce the amount of Plaintiff's damages by the amount that could have been reasonably realized if Plaintiff had taken the appropriate action to reduce or lessen the harm suffered.[25]

---

[25] Adapted from Fed. Jury Prac. & Instr. §171.95 and cases cited therein.

## JURY INSTRUCTION NO. 16
## PUNITIVE DAMAGES

In addition to compensatory damages which I just described, if you find for Plaintiff and find from preponderance of the evidence that Ionics acted with malice or in reckless disregard for Plaintiff's right to be free from retaliation, then you may award Plaintiff punitive damages.   One acts with malice when that person or entity means to intentionally injure another without just cause or reason.  Furthermore, an act is undertaken in reckless disregard of Plaintiff's rights when a person or entity knew or should have known that the consequences of its actions would be to retaliate against Plaintiff.

The purpose of punitive damages is to punish the wrongdoer and let them serve as an example to warn others not to engage in the same conduct.  You do not have to award punitive damages.  The decision to award punitive damages and the amount of such damages is completely your decision.  In deciding whether to award punitive damages, you should consider the following:

1.  How offensive was the conduct?

2.  What was the nature and extent of the harm done?

3.  How long did the Plaintiff endure the discriminatory conduct?

4. How did Ionics respond after learning of the discrimination claimed by Plaintiff?

5.  What amount is needed to deter repetition of the same alleged misconduct?

If you decide to award punitive damages, you should do so using calm discretion.[26]

---

[26] Adapted from FEJI §§1:1310, 1:1311.  See also Fed. Jury Prac. & Instr. §171.94 and cases cited therein.

## JURY INSTRUCTION NO. 17
## PROXIMATE CAUSE

Because Plaintiff seeks to recover damages from Ionics, she not only must prove that Ionics acted wrongfully, Plaintiff must also show that such action was a proximate, direct cause of her damages.  In other words, Plaintiff cannot recover for damages that were caused by circumstances other than Ionics' alleged wrongdoing.

Damages are proximately caused by an act or failure to act when the act or failure to act played a substantial part in bringing about or actually causing the damage, and without which the damage would not have occurred.[27]

Therefore, Plaintiff is not entitled to any damages that she may have incurred but which were not the direct, proximate cause of any alleged wrongdoing by Ionics.

---

[27] Adapted from Fed. Jury Prac. & Instr. §171.62.

## JURY INSTRUCTION NO. 18
## NO DOUBLE RECOVERY

Even though Plaintiff is claiming damages from several different legal theories, she may have only one recovery.  That is, Plaintiff cannot recover double or triple damages.  Therefore, if you should find that Plaintiff is entitled to damages, you may not multiply the amount because there are several different claims.[28]

---

[28] See, e.g., *General Tel. Co. of the Northwest, Inc. v. EEOC*, 100 S.Ct. 1698 (1980); *Johnson v. Howard* (6th Cir. 2001), No. 99-2353, 2001 WL 1609897, unreported.

## JURY INSTRUCTION NO. 19
## CLAIMS NOT INVOLVED IN THIS LITIGATION

As a matter of law, you are not to consider any evidence that involves claims of sexual harassment and gender discrimination.[29]  The only issues before you are whether Ionics had a legitimate business reason for the termination of Plaintiff's employment, or whether Ionics' stated legitimate business reason for the termination of Plaintiff's employment was a pretext and the real reason for her termination was retaliation.

Any evidence that does not focus solely on those issues must not be considered by you during your deliberations.  Further, if you determine that those issues involve evidence of sexual harassment and gender discrimination, you must not consider that evidence in deciding whether Plaintiff has met her burden of proof on her claims of retaliation.

---

[29] Judge Weber's Order at p.27.

Respectfully submitted,


_____/s/ Jan E. Hensel_____

Jan E. Hensel (#0040785)
Joel H. Mirman (#0004904)
Kimberly Cocroft (#0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215-3506
Phone: (614) 221-8448  Fax: (614) 221-8590
E-mail:  jhensel@bdblaw.com
Attorneys for Defendant, General Ionics


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2003, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not

served via the Court's electronic filing system.  Parties may access this filing through the Court's

system.


_____/s/ Jan E. Hensel_____

Jan E. Hensel