# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Teresa Readnower,                         :
                                          :
    Plaintiff,                        :
                                          :        Case No. C-1-01-654
vs.                                       :
                                          :        Judge Weber
General Ionics, Inc.,                     :
c/o Prentice Hall Corp. System,           :
                                          :
    Defendant.                        :

## MOTION OF DEFENDANT FOR PROTECTIVE ORDER AND IN LIMINE TO PREVENT THE VIDEOTAPE TRIAL DEPOSITION OF JILL W. BLEY, Ph.D, NOW SCHEDULED FOR DECEMBER 5, 2003 AT 8:30 A.M.

Defendant General Ionics, Inc. moves this Court for a protective order and an order *in limine* prohibiting Plaintiff from taking the videotape trial deposition of Jill W. Bley, Ph.D., as set forth in her November 25, 2003 Notice of Videotape Trial Deposition.

A memorandum in support follows.

Respectfully submitted,

      /s/ Jan E. Hensel
Jan E. Hensel, Esq. (0040785) TRIAL ATTORNEY
Joel H. Mirman, Esq. (0004904)
Kimberly Cocroft, Esq. (0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Phone: 614/221-8448  Fax: 614/221-8590
jhensel@bdblaw.com
Attorneys for Defendant
General Ionics, Inc.

## MEMORANDUM IN SUPPORT

This Court partially granted Defendant's Motion for Summary Judgment in its Order of October 17, 2003. The effect of that Order is to limit this case to a determination of whether or not Plaintiff was retaliated against for filing claims of sexual harassment and gender discrimination, or for taking FMLA leave. It is clearly no longer about Plaintiff's claims of sexual harassment or gender discrimination, as those claims were dismissed by the foregoing Order.

Plaintiff has provided Defendant with a copy of the report of Jill W. Bley, Ph.D. (the "Report") [1], in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) [2]. In the Report, Dr. Bley opines that "Ms. Readnower is experiencing most of the signs and symptoms commonly observed in victims of Sexual Harassment/Discrimination".[3] Dr. Bley concludes that "It is my opinion within a reasonable degree of psychological certainty that Ms. Readnower is suffering from the symptoms commonly observed in victims of sexual harassment and discrimination."[4]

Rule 26(a)(2)(B) requires that an expert witness's report must include a "complete statement" of "all opinions to be expressed." Rule 26(e)(1) creates a duty to supplement initial disclosures, including experts' reports. No such supplementation occurred in this case. Rule 37(c)(1) automatically excludes any opinion not disclosed, unless there is "substantial justification" for the failure, or the failure is "harmless." Neither of those circumstances exists in this case. Accordingly, Dr. Bley cannot now opine that Plaintiff's condition had a different cause.

---

[1] A copy of that Report is attached as "Exhibit A."
[2] Hereafter, "Rule__."
[3] Report, page 10.
[4] Report, page 13.

Because the causes of Ms. Readnower's claimed psychological problems will no longer be before the jury, the opinion of Dr. Bley is not relevant to the issues that remain. Any testimony by Dr. Bley would surely cause jury confusion.

On November 25, 2003, Plaintiff served Defendant with a notice that she would be taking the videotape trial deposition of Dr. Bley on Friday, December 5, 2003 at 8:30 a.m.[5] At no time during the November 19, 2003 conference with the Court did Plaintiff's counsel suggest that the testimony of Dr. Bley would be offered by videotape, even though the subject of her testimony and Defendant's objections to it were discussed.

A well-reasoned discussion of the effect of Rules 26 and 37 regarding expert testimony can be found in a 2002 article written by Gregory P. Joseph.[6] In that article, Mr. Joseph explains how "the 26(a) report freezes experts' testimony to their reported opinions and sources…."[7] He continues that "[t]his is not some hypothetical remedy that isn't applied in practice. Opinions and exhibits that are not disclosed in a timely fashion under Rule 26(a)(2)(B) are frequently excluded by district judges."[8]

Were Dr. Bley to be allowed to testify, Defendant would be the victim of the very "trial by ambush" that the Rules and case law seek to avoid. In addition, allowing the deposition to go forward will require Defendant to incur unnecessary expense in attorney fees required to prepare for and participate in the deposition. Under Rule 37(c)(1), this Court could impose financial sanctions upon Plaintiff including "reasonable expenses, including attorney's fees." Defendant does not wish to be put in the position of having to ask for those sanctions. An order prohibiting

---

[5] A copy of that notice is attached hereto as "Exhibit B."
[6] Joseph, "Expert Approaches," Volume 28, Number 4, pages 20-25, The Journal of the Section of Litigation, American Bar Association, attached as "Exhibit C."
[7] Id. at 21.
[8] Id. [citation omitted].

the taking of that deposition will allow counsel to make better use of their time by using it in preparation for the trial that will begin on December 8.

For the foregoing reasons, Defendant requests that this Court issue a protective order and an order *in limine* prohibiting Plaintiff from taking the video trial deposition of Jill W. Bley, Ph.D.

Respectfully submitted,

_____/s/ Jan E. Hensel_____
Jan E. Hensel, Esq. (0040785) TRIAL ATTORNEY
Joel H. Mirman, Esq. (0004904)
Kimberly Cocroft, Esq. (0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio  43215
Phone:  614/221-8448  Fax:  614/221-8590
jhensel@bdblaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2003, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/ Jan E. Hensel_____
Jan E. Hensel

«CO2:268618_1»