**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TERESA READNOWER | : | Case No. C-1-O1-654 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| GENERAL IONICS, INC. | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Attached are Plaintiff Teresa Readnower's Proposed Jury Instructions, General Verdict and Special Verdict forms. Pursuant to Fed, B., Civ, P. 51, Plaintiff requests that these instructions be given to the jury in the order proposed. Plaintiff reserves the right to modify, delete, or supplement these proposed instructions at the close of trial, or to withdraw any of these instructions in whole or in part at the close of all the evidence.

Some of the instructions have more than one paragraph. If the Court, on proper motion by Defendant, should find one sentence or paragraph in an instruction objectionable, then Plaintiff asks the Court to give the remaining parts of the instruction, or to give Plaintiff the opportunity to revise the instruction.

Respectfully submitted,

/s/ Megan E. Clark
Randolph H. Freking (0009158)
SheilaM. Smith (0065115)
Megan B. Clark (0065159)
Trial Attorneys for Plaintiff
FREKING & BETZ

1

«CO2:267155_1»

215 East Ninth Street Fifth Floor
Cincinnati, OH 45202
(513) 721-1975
FAX: (513) 651-2570

## CERTIFICATE OF SERVICE

I hereby certify that on I November 6, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who arc not served via the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ Megan B. Clark

**Proposed Jury Instruction No. 1**

## CLAIMS OF THE PARTIES

Plaintiff claims that Defendant illegally terminated her because she complained of sexual harassment and discrimination and/or because she took medical leave. Defendant denies that these factors played any role in its decision to terminate Plaintiff.

**Proposed Jury Instruction No. 2**

CLAIMS OF PLAINTIFF<br>RETALIATION

Ms. Readnower claims that Defendant retaliated against her for two instances of activity that the law protects: complaints of discrimination and harassment and for taking medical leave.

An employer may not retaliate against an employee who engages in certain activities protected under the law. In this case, that activity concerns complaints of discrimination and harassment, and the request for medical leave. In order to prevail on her retaliation claim, Ms. Readnower must prove by a preponderance of the evidence that Defendant intended to retaliate when it terminated her. Ms. Readnower need not prove that the sole purpose of her termination was retaliation. It is sufficient that she prove that retaliation was a determining factor in the termination.

"Determining factor" means that Ms. Readnower's protected activity (both the complaints of discrimination/sexual harassment and the medical leave) made a difference in Defendant's decision to terminate her. There may be more than one reason for Defendant's decision to terminate Ms. Readnower. She need not prove that her complaints were the only reason. The protected activity is not a determining factor if Ms. Readnower would have been terminated without it.

Authorities:

OM §266.21
O.R.C. §4112.02(1)
42 U.S.C. §2000e-3(a)

**Proposed Jury Instruction No. 3**

CLAIMS OF PLAINTIFF

PRIMA FACIE CASE

In order to establish retaliation, Ms. Readnower must prove all of the following elements:

1. she complained of sexual harassment/gender discrimination and that she took medical leave covered by the Family and Medical Leave Act;

2. she suffered an adverse employment decision;

3. there is a causal connection between Ms. Readnower's protected activity and the adverse employment action that she suffered.

You should assume that Ms. Readnower has established the first two elements of her *prima facie* case. The only element in question is the third element.

Authorities:

Soletro v. National Fed n Indep, Bus. (N.D. Ohio 2001). 130 F. Supp.2d 906, 913.
Skrjanc v. Great Lakes Power Serv. Co. ( Cir. 2001), 272 F.3d 309. 314.
29 U.S § 2615(b).

**Proposed Jury Instruction No. 4**

CLAIMS OF PLAINTIFF

TIMING

The burden of proving a causal relationship between protected activity and an adverse employment action is not intended to be difficult. In fact Ms. Readnower need only put forth some evidence in order for you to deduce a causal connection between the retaliatory action and the protected activity. Close proximity in time creates an inference of a causal connection between two events.

In this case, you may assume that the first complaint of discrimination/harassment occurred in October 2000 and that Ms. Readnower took medical leave from October 2000 until January 2001. You may further assume that she was terminated upon her first day back from medical leave in January 2001.

Authorities:

*EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997)
*Moon v Transport Drivers. Inc.*, 836 F.2d 226 (6th Cir. 1987)
*Smith v. Ameritech Publishing, Inc,*, 129 F.3d 857 (6th Cir. 1997)

«CO2:267155_1»

**Proposed Jury Instruction No. 5**

<u>PRETEXT</u>

Rejection of the Defendant's proffered reasons for taking an adverse employment action against Plaintiff will permit you to infer the ultimate fact of retaliation once you determine Plaintiff has satisfied her elements of a *prima facie* case.

Proof that the Defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. Proving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination. You can reasonably infer that the reason that the employer is providing a false explanation is to cover up a discriminatory purpose. Such an inference is consistent with the general principle of law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. Once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decisions. When all articulated reasons have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with some reason, based its decisions on impermissible considerations.

Another factor which you may consider in determining if the Defendant's proffered reason for termination was its actual motivation is the reasonableness of the employer's decision. If Defendant's proffered reason for termination is unreasonable, you may find that the reason is pretextual.

Authorities:

*Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (June 12, 2000).
*Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 563,576(6th. Circuit 2003).

**Proposed Jury Instruction No. 7**

<u>PROOF OF PRETEXT</u>

In determining whether you believe that pretext exists, you are entitled to consider many types of evidence. Such evidence includes statements evidencing retaliatory animus made by persons in Defendant's management, and especially those managers in a position to influence the termination decision. You may also consider the timing of explanations offered by the Defendant as well as contradictions in the explanations as evidence supporting pretext.

Authorities:

*Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 354 (6th Cir. 1998)
*Tinker v. Sears & Roebuck Co.*, 127 F.3d 519, 523 (6th Cir. 1997)
*EEOC v Sears Roebuck & Co.,* 243 F.3d 846 (4th Cir. 2001)
*Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 152 (June 12, 2000)

**Proposed Jury Instruction No. 8**

<u>DISCRIMINATION-DECISION MAKERS</u>

The fact that some of the persons who participated in the decision to terminate Plaintiff had no role in the "final" decision to terminate Plaintiff does not insulate Defendant as a company from a finding of discrimination. So long as a person anywhere in the chain of events leading to the demotion was influenced or motivated by Plaintiff's protected activity in giving input, you may conclude that the ultimate decision is discriminatory.

Authorities:

*Simpson v. Diversitech, Gen. Inc.*, 945 F.2d 156 (6th Circuit 2003).
*Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 140 (2000).

**Proposed Jury Instruction No. 9**

<u>DAMAGES - LOST WAGES AND BENEFITS</u>

If you find for Ms. Readnower, she is entitled to recover lost wages and benefits, including any increases in wages or benefits lost because of discrimination and/or retaliation. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of the termination to the date of the verdict. You may include all forms of compensation that Ms. Readnower proved she would have earned, but for the termination, including salary, bonuses, vacation pay, pension, health insurance and other benefits.

You will also determine what amount of money, if any, will compensate Ms. Readnower for any future lost pay and benefits, which includes the amount she would have earned from the date of the verdict until the date you find her loss of future pay and benefits will cease. The purpose of compensation for future lost pay is to temporarily compensate the employee while she seeks comparable employment and not to give long-term compensation from the date of the verdict to retirement. Among tie factors to be considered in deciding the amount of front pay are the following: 1) the age of Ms. Readnower and her reasonable prospects of obtaining comparable employment elsewhere ; 2) salary and other tangible benefits such as bonuses and vacation pay; 3) expenses associated with finding new employment; and 4) the replacement value of lunge benefits until comparable fringe benefits are obtained or for a reasonable length of time.

The measure of any future lost pay and benefits is the present loss in dollars which Ms. Readnower establishes, measured by the present value of money. You may not speculate upon any change in the value of the dollar.

10

Damages awarded to Ms. Readnower must be reasonable. Where the amount of lost pay that would have been received by a victim of employment discrimination is unclear, any ambiguities should be resolved against the Defendant.

With respect to lost pay, the amount of pay Ms. Readnower lost should not be counted twice in arriving at a total amount of compensatory damages.

With respect to any award regarding lost pay, Ms. Readnower must make reasonable efforts to reduce her loss of earrings, and any income she earned in subsequent employment should be deducted from the total amount she would have earned absent the discriminatory/retaliatory conduct. The burden is on the Defendant to show the amount of income Ms. Readnower did earn, or could have earned after leaving Defendant to lessen the loss in wages.

Authorities:

031 §266.27
*Ohio Civil Rights Commission v. David Ingram, D.C., Inc*. (1994), 69 Ohio St. 3d 89.

**Proposed Jury Instruction No. 10**

<u>DAMAGES - EMOTIONAL DISTRESS</u>

If you find Defendant liable on any of Ms. Readnower's claims, you will consider what amount will compensate her for any emotional pain, suffering, mental anguish, inconvenience, loss of enjoyment of life, and non-monetary losses she suffered because of the Defendant's conduct. In determining what amount will compensate Ms. Readnower for her emotional injuries, you should consider separately each claim and any injury she suffered, and award an appropriate amount with respect to that claim only. To recover these damages. Ms. Readnower must prove by a preponderance of the legal evidence that she suffered the particular injury and that the injury was a direct and proximate result of defendant's unlawful conduct.

You should assess as compensatory damages the amount of money you find justified by a preponderance of the legal evidence as full and just compensation. Your award, if any, should be considered as full compensation for all damages, no more and no less. Compensatory damages are not intended as punishment and cannot be based on speculation or mere possibility.

Authorities:

*Michael D. Pelletier v. Rumpke Container Service*, No. A-98-04507 (given by Judge Crush on 1-19-2000)
OJI §266.27
*Ohio Civil Rights Commission v. David Ingram, D.C., Inc.* (1994) 69 Ohio St. 3d 89.

**Proposed Jury Instruction No. 11**

PUNITIVE DAMAGES

If you find for Ms. Readnower on any of her claims, you may also consider whether you will separately award punitive damages.

Punitive damages may be awarded against Defendant as a punishment to discourage others from committing similar wrongful acts. You are not required to award punitive damages to Ms. Readnower, and you may not do so unless you find by clear and convincing evidence that Defendant acted with actual malice or reckless indifference to Ms. Readnower's known rights.

Actual malice is defined as either:

1. that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or

2. a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor actuated by passion or prejudice. The amount of punitive damages rests in the sound judgment of the jury and should be determined from all the evidence in the case. If no amount is awarded for punitive damages, write the word "none" in lieu of an amount in the space provided.

Authorities:

O.R.C. §2315.21(c)(3)
*Preston v. Murty* (1987), 32 Ohio St.3d 334 at syllabus.
*Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417
42 U.S.C. § 1981a(b)(1).

«CO2:267155_1»

**Proposed Jury Instruction No. 12**

ATTORNEYS FEES

If Defendant is liable for punitive damages under Ohio law, a reasonable amount of the attorney fees of counsel employed by Ms. Readnower in the prosecution of this action may also be awarded as an item of actual damages.

If you decide that Defendant is liable for punitive damages, you must decide whether Ms. Readnower is entitled to recover her reasonable attorneys fees. You will not determine the amount of those fees, as that is a matter for the judge.

Authorities:

O.J.I. §23.71(1 1)
O.R.C. §2315.18 and §2315.21
*Digital Analog v. North Supply* (1992), 63 Ohio St. 3d 657.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA READNOWER | : | Case No. C-1-O1-654 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| GENERAL IONICS, INC. | : | |
| | : | |
| Defendant. | : | |

---

**GENERAL VERDICT**

---

    We, the jury, with respect to Plaintiff Teresa Readnower's claims against Defendant General lonics, Inc., do hereby find in favor of:

        (_____)      Defendant General Ionics, or

        (_____)      Plaintiff, in the amount of $_____ compensatory damages.

    We further find that Plaintiff: (Circle "IS' or "IS NOT')

        IS                          IS NOT

entitled to $_____ in punitive damages against Defendant General lonics.

    _____                _____

    _____                _____

    _____                _____

    We further find that Plaintiff: (Circle "IS" or "IS NOT")

        IS                          IS NOT

entitled to reasonable attorney fees against Defendant General Ionics.

    _____                _____

    _____                _____

    _____                _____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TERESA READNOWER | : | Case No. C-1-O1-654 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| GENERAL IONICS, INC. | : | |
| | : | |
| Defendant. | : | |

## INTERROGATORIES TO THE JURY

1.  Did Defendant General Ionics retaliate against Plaintiff Teresa Readnower because she complained about sexual harassment and/or gender discrimination?

    _____YES ____NO

2.  If YES, what is the amount of damages?  _____

3.  Did Defendant General Ionics retaliate against Plaintiff Teresa Readnower for exercising her right to medical FMLA-covered leave?

    ____YES  _____NO

«CO2:267155_1»

4.  If YES, what is the amount of damages?  _____

5.  Do you find that Defendant General Ionics terminated Plaintiff Teresa Readnower with malice?

    \_\_\_\_\_YES      _____NO