UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA READNOWER | : | Case No. C-1-01-654 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| vs. | : | **PLAINTIFF'S MEMORANDUM IN** |
| | : | **OPPOSITION TO DEFENDANT'S** |
| GENERAL IONICS, INC. | : | **MOTION FOR PROTECTIVE ORDER** |
| | : | **AND ORDER IN LIMINE PROHIBITING** |
| Defendant. | : | **VIDEOTAPE TRIAL DEPOSITION** |

Defendant asserts two grounds in support of its motion to prevent the video tape trial deposition of Plaintiff's expert witness, Dr. Jill W. Bley, Ph.D. (Def. Mem. Supp. Mot. Prot. Ord. and Ord. Lim..) First, Defendant asserts that Dr. Bley's testimony must be excluded pursuant to the requirements of Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1). (*Id.* at 1.) According to Defendant, Rule 26(a)(2)(B) precludes admission of Dr. Bley's testimony, because it "requires that an expert witness's report must include a 'complete statement' of 'all opinions to be expressed.'" (*Id.*) Defendant asserts that Plaintiff's expert witness report identifies opinions of Dr. Bley's relevant only to Plaintiff's original sexual harassment and gender discrimination claims and not to Plaintiff's surviving retaliation claim. Defendant further asserts that Dr. Bley's report identifies only sexual harassment and gender discrimination as the causes of Plaintiff's emotional distress and not retaliation. (*Id.* at 2-3.) Defendant grossly misstates the record.

Dr. Bley's September 13, 2002 report clearly and unambiguously states her opinion that Plaintiff's emotional trauma was caused by sexual harassment, gender discrimination <u>and</u> retaliation:

> It is my opinion within a reasonable degree of psychological certainty that Ms. Readnower is suffering from the symptoms commonly observed in victims of sexual harassment and discrimination... The discrimination she experienced from Mr. Goins <u>and the subsequent retaliation she experienced from General Ionics' upper management after she reported the discrimination to them</u>, triggered a severe stress reaction and also triggered pre-existing symptoms.

(Psychological Evaluation of Teresa Readnower, Def. Ex. 532 at 13) (emphasis added.) In order to conclude that Dr. Bley's expert opinion is irrelevant to Plaintiff's retaliation claim, Defendant wholly ignores the above language in Dr. Bley's report. Defendant obviously cannot prevail using such tactics. The record is clear. It has been Dr. Bley's express opinion that Plaintiff's emotional trauma was caused at least in part by Defendant's retaliatory conduct since September 13, 2002. Dr. Bley has in no way altered her opinion. Defendant's argument that Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1) preclude admission of Dr. Bley's expert testimony is simply specious.

Finally, Defendant asserts that to videotape Dr. Bley's trial deposition would amount to "trial by ambush." (*Id.* at 2.) Beyond mere reiteration of its false assertion that Dr. Bley's report is irrelevant to Plaintiff's retaliation claim, it is impossible to discern on what grounds Defendant concludes that videotaping Dr. Bley's testimony is somehow prejudicial. (*Id.*) Defendant cites an academic article to attempt to support its conclusion. (*Id.*) However, Defendant's own utilization of that article indicates confused reasoning. Defendant suggests that this Court must not permit videotaping Dr. Bley's trial deposition because Gregory P. Joseph states "the 26(a) report freezes experts' testimony to their reported opinions and sources." (*Id.*) Yet, Defendant wholly fails to bridge the obvious chasm between its conclusion and Mr. Joseph's statement. Videotaping Dr. Bley's trial deposition has absolutely nothing to do with "freezing the experts'

testimony." Defendant's assertion that videotaping Dr. Bley's trial deposition would amount to "ambush" is without legal merit and cannot logically derive from Rules 26 and 27.

Plaintiff seeks to videotape Dr. Bley's deposition only because Dr. Bley is unavailable to testify at trial. To date, Dr. Bley has not been deposed in this matter. Thus, videotaping Dr. Bley's trial deposition, is thus the only way to include Dr. Bley's testimony in the record.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's request for a protective order and an order in limine prohibiting the videotape trial deposition of Dr. Jill W. Bley, Ph.D.

          Respectfully submitted,

            /s/ Randolph H. Freking
          Megan E. Clark (0065159)
          Randolph H. Freking (0009158)
          Sheila M. Smith (0065115)
          Trial Attorneys for Plaintiff Teresa Readnower
          FREKING & BETZ
          215 East Ninth Street, Fifth Floor
          Cincinnati, OH  45202
          (513) 721-1975
          (513) 651-2570
          Mclark@frekingandbetz.com
          randy@frekingandbetz.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 3, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                      /s/ Randolph H. Freking