UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Teresa Readnower, | : |
| | : |
|    Plaintiff, | : |
| | : Case No. C-1-01-654 |
| vs. | : |
| | : Judge Weber |
| General Ionics, Inc., | : |
| | : |
|    Defendant. | : |

**MOTION OF DEFENDANT GENERAL IONICS, INC. *IN LIMINE* TO EXCLUDE ADMISSION OF CERTAIN EXHIBITS, AND EXHIBITS AND TESTIMONY RELATING TO THE FINANCIAL RECORDS OF IONICS, INC.**

Now comes Defendant General Ionics, Inc. ("General Ionics") and, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, hereby moves this Court for an order *in limine* prohibiting Plaintiff, Teresa Readnower, from offering into evidence certain exhibits, and exhibits and testimony relating to the financial records of Ionics, Inc. A Memorandum in Support of this Motion detailing the reasons why the Court should grant this Motion is submitted herewith.

Respectfully Submitted,

/s/ Jan E. Hensel
Jan E. Hensel, Esq. (#0040785) TRIAL ATTORNEY
Joel Mirman, Esq. (#004904)
Kimberly Cocroft (#0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
614/221-8448
614/221-8590
jhensel@bdblaw.com
jmirman@bdblaw.com
Attorneys for Defendant
General Ionics, Inc.

1

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION AND BACKGROUND**

Trial of this matter, currently scheduled to proceed on December 8, 2003, will consider Plaintiff's claims of retaliation and FMLA violation against Defendant General Ionics, Inc. Notwithstanding the foregoing, and less than a week before the trial is to commence, counsel for Plaintiff submitted a Second Amended Exhibit List (the "List").[1] The List included submission of exhibits titled, "General Ionics Financial Records"[2] and "9/14/00 Mercy Ambulatory Surgery Center Endoscopy Discharge Instructions".[3] Counsel for Defendant General Ionics contends that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, unfair surprise, confusion of the issues, and would also mislead the jury.

Accordingly, this Court should find that this Motion is well-taken and prohibit Plaintiff from offering into evidence any exhibits and testimony relating to the financial records of Ionics, Inc. and any exhibits and testimony relating to Plaintiff's endoscopy discharge instructions.

II. **LAW AND ARGUMENT**

   A. **The Documentary and Other Evidentiary Material Relating to the Financial Records of Ionics, Inc. Should Be Excluded Because It Is Irrelevant to the Claims and Parties Before the Court.**

Federal Rules of Evidence 401, 402, and 403 provide the framework for this Motion. Fed. R. Evid. 401 states: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

---

[1] Attached hereto as Exhibit 1.
[2] Attached hereto as Exhibit 2.
[3] Attached hereto as Exhibit 3.

probable than it would be without the evidence. Fed. R. Evid 402 provides, in pertinent part: "Evidence which is not relevant is not admissible." General Ionics contends that the records in question are clearly irrelevant and thus not admissible for a variety of reasons.

First, and most importantly, Ionics, Inc was never named as a defendant in this action; from the beginning, counsel for Plaintiff has consistently maintained that its allegations involved General Ionics only. Next, the financial viability of Ionics, Inc. is in no way linked to the financial viability of General Ionics. Each company has separate revenue streams that are generated from different sources. Further, Ionics, Inc. is an independent corporation, separate and apart from Defendant General Ionics. Finally, Ionics, Inc. has its own officers, directors, and shareholders who are in no way responsible for the day-to-day management of General Ionics. Consequently, permitting Plaintiff to introduce exhibits relating to the financial records of Ionics, Inc. will not have a tendency to make the existence of any fact that is of consequence to this litigation more or less probable because Ionics, Inc. is not now, nor has it ever been, a party to this litigation. Consequently, pursuant to the Federal Rules of Evidence previously discussed, to the extent that Plaintiff seeks to introduce such evidence, it is not relevant to the claims in this litigation and should be prohibited as a matter of law.

   **B.**  **Even If Evidence Relating to the Financial Records of Ionics, Inc. Is Relevant to the Claims in This Matter, Such Evidence Should Be Excluded Because of the Potential for Prejudice, Confusion of Issues, and Misleading of the Jury.**

Even assuming, *arguendo*, that evidence relating to the financial records of Ionics, Inc. has some relevance to this matter, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. Fed. R. Evid. 403. Specifically, if the jury for this case hears and believes evidence regarding the

financial worth of Ionics, Inc., it might give undue weight or be confused and misled into thinking it would be appropriate to punish General Ionics based on an incorrect assumption that these two separate corporations operate as one entity. Despite the fact that this evidence has no bearing on the parties and claims in this litigation, the jury may, nonetheless, consider such evidence in its deliberations. To avoid this likely prejudicial result, evidence of any kind relating to the financial records of Ionics, Inc. should be excluded as a matter of law.

      **C.**    **The Documentary and Other Evidentiary Material Relating to Plaintiff's Endoscopy Discharge Instructions Should Be Excluded Because Admission of Such Would Constitute Unfair Surprise.**

As previously stated, counsel for Plaintiff will seek to introduce an exhibit that details Plaintiff's endoscopy discharge instructions. This exhibit has never been previously identified as an exhibit, nor was it identified pursuant to Fed. R. Evid 26 disclosures as enforced by this Court. Additionally, this exhibit has not been authenticated by counsel for Plaintiff as required by Fed. R. Evid. 901 and Fed. R. Evid 902. Thus, to allow the introduction of this evidence at this point in the litigation would constitute unfair surprise on General Ionics.

**III.**    **CONCLUSION**

Based upon all of the foregoing, Defendant General Ionics, Inc. respectfully requests that this Court grant its Motion and prohibit any evidence in whatever form, that involves or relates to the financial records of Ionics, Inc or Plaintiff's endoscopy discharge instructions.

Respectfully submitted,

    /s/ Jan E. Hensel
Jan E. Hensel, Esq. (#0040785) TRIAL ATTORNEY
Joel H. Mirman (#0004904)
Kimberly Cocroft (#0073146)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio  43215
614/221-8448
614/221-8590
jhensel@bdblaw.com
jmirman@bdblaw.com
Attorneys for Defendant
General Ionics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2003 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

    /s/ Jan E. Hensel
Jan E. Hensel

«CO2:269049_1»

Case 1:01-cv-00654-HJW    Document 76    Filed 12/04/2003    Page 6 of 6