UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERESA READNOWER | : | Case No. C-1-01-654 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MOTION IN** |
| GENERAL IONICS, INC. | : | **OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION IN LIMINE TO EXCLUDE OR** |
| Defendant. | : | **REDACT EVIDENCE** |

   Comes now Plaintiff Teresa Readnower and, pursuant to Federal Rules of Evidence 401, 402 and 403, moves this Court to deny Defendant's motion *in limine* to exclude from trial testimony and exhibits relating to Plaintiff's sexual harassment and gender discrimination claims. Plaintiff's memorandum in opposition to Defendant's motion is submitted herewith.

                Respectfully submitted,

                /s/ Randolph H. Freking
                Megan E. Clark (0065159)
                Randolph H. Freking (0009158)
                Sheila M. Smith (0065115)
                Trial Attorneys for Plaintiff Teresa Readnower
                FREKING & BETZ
                215 East Ninth Street, Fifth Floor
                Cincinnati, OH 45202
                (513) 721-1975

**MEMORANDUM**

I.  **INTRODUCTION**

Defendant has moved this Court for an order *in limine* to exclude from trial testimony and exhibits it claims relate only to Plaintiff's claims of sexual harassment and gender discrimination. For the following reasons, Plaintiff respectfully requests that Defendant's motion *in limine* to exclude testimony and exhibits relating to Plaintiff's allegations of sexual harassment and gender discrimination be denied.

II.  **ARGUMENT**

    A.  **The Testimony and Exhibits Pertaining to Plaintiff's Allegations of Sexual Harassment and Gender Discrimination are Relevant to Plaintiff's Retaliation Claim and Are Admissible.**

According to Defendant, introduction of testimony and exhibits relating to Plaintiff's allegations of sexual harassment and gender discrimination "[would] not have a tendency to make the existence of any fact that is of consequence to this litigation more or less probable." (*Id.* at 3.) Defendant asserts that such evidence is relevant only to Plaintiff's dismissed sexual harassment and gender discrimination claims. (*Id.*) While Defendant admits that such evidence would be relevant to the first two elements of Plaintiff's *prima facie* retaliation claim, Defendant asserts that its willingness to stipulate that Plaintiff engaged in protected activity and to stipulate that Defendant knew of the protected activity renders the evidence materially irrelevant to Plaintiff's retaliation claim. (*Id.*)

However, the mere fact that Defendant will stipulate that Plaintiff has proved the first two elements of her *prima facie* retaliation claim does not render evidence probative of those elements irrelevant. Fed. R. Evid. 401 does not require that a fact be disputed in order for

evidence to be relevant to that fact. Nor does Fed. R. Evid. 402 provide that evidence pertaining to an undisputed fact is inadmissible merely because that fact is undisputed. Defendant's assertion to the contrary is unfounded.

Moreover, Defendant assumes, providing no supportive argument, that evidence pertaining to Plaintiff's allegations of sexual harassment and gender discrimination is relevant only to the first two elements of Plaintiff's *prima facie* gender retaliation claim. Yet, in addition to these two elements, Plaintiff must also prove a causal link between her protected activity and Defendant's adverse actions to make out her *prima facie* case. *See, Wrenn v Gould*, 808 F.2d 493, 500 (6th Cir. 1987). Furthermore, to prevail at trial, Plaintiff must establish that retaliation, rather than Defendant's asserted non-discriminatory reason, more likely motivated Defendant's adverse actions. That is, Plaintiff must prove that Defendant acted with retaliatory animus. The evidence Defendant presently seeks to exclude is clearly relevant to Defendant's retaliatory animus, the causal connection between Defendant's retaliatory animus, and the first two elements of Plaintiff's *prima facie* case of gender retaliation. Additionally, the evidence Defendant seeks to exclude is relevant to counter its implied assertion that Plaintiff's complaints about harassment and discrimination were made in bad faith.

### 1. Plaintiff's Testimony

The course of events Plaintiff will testify to involves a history of gender harassment, discrimination and retaliation. This history of harassment and discrimination renders more believable the conclusion that adverse actions Plaintiff suffered were motivated by retaliatory animus. If the jury finds Plaintiff's testimony about gender harassment and gender discrimination credible, it will find the conclusion that Defendant retaliated against Plaintiff for

complaining about this more probable. The history of retaliatory harassment, discrimination and retaliatory employment actions Plaintiff suffered are probative of the animus and causation Plaintiff must establish to prove her gender retaliation claim. Furthermore, Plaintiff's testimony relating to sexual harassment and gender discrimination will counter Defendant's assertion that Plaintiff's complaints were disingenuous. Defendant's motion to exclude or redact Plaintiff's testimony should be denied.

### 2. Letter from Carrie Barron

The letter from Carrie Barron to David McKinley renders the causal connection and retaliatory animus more probable because it evidences the full scope of behavior about which Plaintiff complained. Plaintiff alleged a pattern of retaliatory harassment, retaliatory employment actions and discriminatory behavior, specifically implicating her manager, Danny Goins. (Def. Ex. 1.) On one version of Defendant's story, Goins was the decision maker responsible for Defendant's adverse action. The scope of Plaintiff's complaints render the conclusions that Defendant harbored retaliatory animus and that its animus related causally to its adverse action more believable. Defendant's motion to exclude or redact Ms. Barron's letter should be denied.

### 3. EEOC Charge

Plaintiff's EEOC charge is relevant to causality and retaliatory intent, as well as to the first two elements of Plaintiff's *prima facie* case of gender retaliation. (Def. Ex. 2.) The charge reveals the severity of Plaintiff's complaints of harassment, discrimination and retaliation. The charge specifically alleges that Goins engaged in a pattern of retaliatory harassment and retaliatory employment actions. The EEOC Charge identifies a series of events, which if found

credible by the jury, supports the conclusion that Defendant's adverse employment actions were motivated by retaliatory animus. Defendant's motion to exclude or redact the EEOC charge should be denied.

### 4. Testimony of Charlotte Ray

As in her Affidavit, Charlotte Ray will testify to similar acts of retaliatory harassment by Goins. (Def. Ex. 3.) Ms. Ray will testify to behavior and treatment by Goins' similar to that which Plaintiff suffered. If the jury finds Ms. Ray's testimony credible, the retaliatory harassment and retaliatory employment actions of Goins' will be probative of retaliatory animus and the causal connection between that animus and the adverse actions Plaintiff suffered. Defendant's motion to exclude or redact Ms. Ray's testimony should be denied.

### 5. Testimony of Dr. Jill W. Bley, Ph.D.

The Court tentatively ruled on December 4, 2003 that Dr. Bley's testimony is admissible.

### B. The Documentary and Other Evidentiary Material Alleging Claims of Sexual Harassment and Gender Discrimination Are Relevant and Admissible.

Defendant asserts that even were evidence relating to Plaintiff's allegations of sexual harassment and gender discrimination relevant to Plaintiff's gender retaliation claim the evidence is inadmissible pursuant to Fed. R. Evid. 403. (Def. Memo. Supp. Mot. Lim. at 4.) Defendant suggests that if presented at trial the jury "*might* give undue weight or be confused and misled into thinking it would be appropriate to punish General Ionics as a result of these actions." (*Id.*) (emphasis added.) From this premise, Defendant concludes prejudice to therefore constitute the "likely" result.

However, Fed. R. Evid. 403 provides a presumption of admissibility that is only rebutted

by a showing that the probative value of evidence "is *substantially* outweighed by the danger of unfair prejudice." (emphasis added.) Defendant's motion to exclude evidence must demonstrate that the negative attributes of evidence of Plaintiff's allegations of sexual harassment and gender discrimination *substantially* outweigh its probative value, and *not* merely that the evidence *might* confuse or mislead the jury as Defendant asserts. Obviously, one cannot logically derive that the evidence will *likely* have a prejudicial effect from the mere premise that the evidence *might* confuse or mislead the jury. Nonetheless, such constitutes Defendant's sole argument for exclusion under 403.

As argued *supra*, evidence of Plaintiff's allegations of sexual harassment and gender discrimination are probative of Defendant's retaliatory animus. Evidence of Plaintiff's allegations of sexual harassment and gender discrimination are probative of causation. Evidence of Plaintiff's allegations of sexual harassment and gender discrimination are probative of the fact that Plaintiff engaged in protective activity and the fact that Defendant knew Plaintiff engaged in protected activity. Evidence of Plaintiff's allegations of sexual harassment and gender discrimination are probative of the fact that Plaintiff complained of sexual harassment, gender discrimination and gender retaliation, because she reasonably believed she was suffering discriminatory employment actions, and not simply to save her job by making empty allegations. The evidence relating to Plaintiff's claims of sexual harassment and gender discrimination is probative. Defendant's mere supposition that the evidence might confuse or mislead the jury cannot justify exclusion under Fed. R. Evid. 403.

### III.     CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant's *in limine* motion to exclude or redact evidence pertaining to Plaintiff's sexual harassment and gender discrimination claims.

>Respectfully submitted,
>
>   /s/ Randolph H. Freking
>Megan E. Clark (0065159)
>Randolph H. Freking (0009158)
>Sheila M. Smith (0065115)
>Trial Attorneys for Plaintiff Teresa Readnower
>FREKING & BETZ
>215 East Ninth Street, Fifth Floor
>Cincinnati, OH  45202
>(513) 721-1975

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2003, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

>   /s/ Randolph H. Freking