## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TERESA READNOWER | : | Case No. C-1-01-654 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| vs. | : | **PLAINTIFF'S MOTION *IN LIMINE* |
| | : | TO PROHIBIT ANY REFERENCE TO |
| GENERAL IONICS, INC. | : | DISMISSAL OF PLAINTIFF'S SEXUAL |
| | : | HARASSMENT AND GENDER |
| Defendant. | : | DISCRIMINATION CLAIMS** |

Comes now Plaintiff, Teresa Readnower, and, pursuant to Federal Rules of Evidence 401, 402 and 403, moves this Court for an order *in limine* prohibiting Defendant, General Ionics, Inc., from introducing at trial any exhibits, testimony or statements relating to this Court's summary judgment dismissal of Plaintiff's sexual harassment and gender discrimination claims. Accompanying this Motion is a Memorandum in support.

Respectfully submitted,

 /s/ Randolph H. Freking
Megan E. Clark (0065159)
Randolph H. Freking (0009158)
Sheila M. Smith (0065115)
Trial Attorneys for Plaintiff Teresa Readnower
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975

**MEMORANDUM**

**I.   INTRODUCTION**

Trial of Plaintiff's retaliation and FMLA claims against Defendant is scheduled to commence on December 8, 2003. Plaintiff's sexual harassment and gender discrimination claims were dismissed upon summary judgment. Plaintiff anticipates that Defendant will attempt to introduce before the jury the summary judgment dismissal of Plaintiff's sexual harassment and gender discrimination claims. For the following reasons, Plaintiff respectfully requests an order prohibiting disclosure to the jury of this Court's dismissal of Plaintiff's sexual harassment and gender discrimination claims.

**II.   ARGUMENT**

**A.   Dismissal of Plaintiff's Sexual Harassment and Gender Discrimination Claims is Not Relevant to Plaintiff's Surviving Claims.**

Plaintiff moves this Court to prohibit disclosure to the jury this Court's dismissal of Plaintiff's sexual harassment and gender discrimination claims, pursuant to Federal Rules of Evidence 401, 402 and 403. Fed. R. Evid 401 provides that relevant evidence is admissible at trial. Rule 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 renders inadmissible "evidence which is not relevant."

"[A] plaintiff need not prevail on her Title VII discrimination claim or have opposed an action that in fact violated Title VII to win a retaliation claim." Fine v. Ryan International Airlines, 305 F.3d 746, 752 (7th Cir. 2002). Rather, Plaintiff's protected activity need only to be founded upon a reasonable belief that the employer's actions were discriminatory. A Plaintiff can have reasonably believed that an employer's actions were discriminatory even though her claims against the Defendant for discrimination were dismissed at summary judgment. Id. This Court's order dismissing Plaintiff's sexual

harassment and gender discrimination claims is obviously irrelevant to the reasonableness of Plaintiff's belief that Defendant's actions were discriminatory and the protected activity Plaintiff engaged in pursuant to her belief. That Plaintiff's sexual harassment and gender discrimination claims were dismissed is irrelevant to her surviving claims under Fed. R. Evid. 401 and 402. This Court should prohibit disclosure of its dismissal of Plaintiff's sexual harassment and gender discrimination claims to the jury.

> **B.  Disclosure to the Jury of the Summary Judgment Dismissal of Plaintiff's Sexual Harassment and Gender Discrimination Claims Would Unfairly Prejudice Plaintiff.**

Even were this Court to find, *arguendo*, that its dismissal of Plaintiff's sexual harassment and gender discrimination claims is relevant to whether Plaintiff reasonably believed Defendant was discriminating against her, the probative value of dismissal of Plaintiff's sexual harassment and gender discrimination claims is far outweighed by the prejudicial effect such disclosure to the jury would have. Retaliation claims can be conceptually difficult for a jury, precisely because activity that is protected does not have to be founded upon actual discrimination. Rather, Plaintiff's protected activity need not be founded upon actual discriminatory action. Protected activity need only to be founded upon a reasonable belief that the employer's actions were discriminatory.

Disclosure of this Court's summary judgment dismissal of Plaintiff's sexual harassment and gender discrimination claims would imply to the jury that Plaintiff's allegations were not made in good faith, i.e. that her alleged protected activity was not founded upon a reasonable belief. Yet, the standard federal courts employ at the summary judgment stage is obviously not the same standard a normal individual deploys in everyday life to develop reasonable beliefs. The jury will not be educated of the summary judgment methodology utilized by federal courts.

Thus, pursuant to Fed. R. Evid. 403, Plaintiff respectfully requests that this Court prohibit Defendant from disclosing to the jury this Court's dismissal of Plaintiff's sexual harassment and gender discrimination claims.

Respectfully submitted,

/s/ Randolph H. Freking
Megan E. Clark (0065159)
Randolph H. Freking (0009158)
Sheila M. Smith (0065115)
Trial Attorneys for Plaintiff Teresa Readnower
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2003, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Randolph H. Freking