TERESA READNOWER

v.

IONICS, INC.

C-1-01-654

December, 2003

| TITLE | PAGE NO. |
|-------|----------|

FUNCTION OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BURDEN OF PROOF - Preponderance of the Legal Evidence . . . . . . . . . . . . . . . . 2

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IMPEACHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

DEPOSITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SUMMARIES, CHARTS AND DIAGRAMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ALL PERSONS EQUAL BEFORE THE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

AGENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

OPINION WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

COMPENSATION OF OPINION WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

FAMILY AND MEDICAL LEAVE ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

RETALIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

PROTECTED ACTIVITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CAUSAL CONNECTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

REASONABLE AND GOOD FAITH BELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

DEFENDANT'S CLAIMED LEGITIMATE NONRETALIATORY REASONS . . . . . . 22

"PRETEXT" - DEFINITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

BUSINESS DECISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

PREFACE TO INSTRUCTION ON DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . 25

DAMAGES - INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

DIRECT CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DAMAGES - BACK PAY AND BENEFITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

DAMAGES - FRONT PAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

DAMAGES - DUTY TO MITIGATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

NO DOUBLE RECOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CLEAR AND CONVINCING LEGAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . 36

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

CLOSING REMARKS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

## **FUNCTION OF THE JURY**

Members of the jury, your job as jurors is to determine the issues of fact presented by the claims of the parties and reach a just verdict.

In doing your job, you must follow the law as stated in these instructions and apply these rules of law to the facts you find from the legal evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other issue of law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the legal evidence in the case.

You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the legal evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each party.

2

## **BURDEN OF PROOF**

### <u>Preponderance of the Legal Evidence</u>

The person who asserts a claim has the burden of proof – that is, he or she has the obligation to prove the claim by a preponderance of the legal evidence, unless the Court specifically instructs you otherwise.

Preponderance of the legal evidence is the greater weight of the evidence; that is, legal evidence that you believe because it outweighs or overbalances in your mind the legal evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the legal evidence that must be weighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

3

## **EVIDENCE**

Legal evidence is the testimony of witnesses, the exhibits, which you will have with you in the jury room regardless of who may have produced them, and the facts which have been admitted or stipulated.

Once facts have been proved by the preponderance of the legal evidence, you may then draw such reasonable inferences from those facts you feel are justified in the light of your experience.

The legal evidence does not include the exhibits which have not been given to you in the jury room, the opening statements or the closing arguments of counsel. The opening statements and closing arguments of counsel and the exhibits used for demonstrative purposes are designed to assist you. They are not legal evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not legal evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not legal evidence and must be entirely disregarded.

4

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any legal evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion of fact as legal evidence of that fact unless adopted or confirmed by the witness. The lawyer's  assertions of facts are not legal evidence. The questions of lawyers may be considered, however, to the extent that they give meaning to the answers of the witness.

5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of legal evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build one inference from another inference which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the legal evidence in the case, both direct and circumstantial.

6

## CREDIBILITY OF WITNESSES

In your effort to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness. You must determine how credible or believable any witness is. You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified. Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance of the witness while on the witness stand. Consider also any relationship that a witness may bear to either side of the case, their reasons for testifying, any interest they may have in the outcome of the case, any prejudice or bias they may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality they may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony is supported or contradicted by the exhibits admitted into legal evidence.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony. In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance. Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

7

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that one individual rarely, if ever, describes the same incident twice in the same minute detail.

In your daily life, you are constantly determining who is worthy of belief and who is not. In this case, employ the same tests in determining who is worthy of belief and who is not. Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that witnesses have been discredited as to a part of their testimony, you may give the balance of their testimony such credence, if any, that you believe it deserves.

8

# **IMPEACHMENT**

A witness may be discredited or "impeached" by contradictory legal evidence, by a showing that he or she testified falsely concerning a material matter, or by legal evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

9

## **DEPOSITIONS**

During the trial of this case, certain testimony has been given by way of deposition. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing or by videotape, under oath, in the form of a deposition. The testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way as if the witness had been present, and had testified from the witness stand.

10

## **<u>EXHIBITS</u>**

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence.

You may note that some documents have not been introduced and are not exhibits with you in the jury room. These documents are not relevant to your deliberations and are not legal evidence.

11

## SUMMARIES, CHARTS, AND DIAGRAMS

Summaries, charts or diagrams prepared by a witness or a party and submitted to you in the jury room are received for the purpose of explaining facts disclosed by testimony and other documents which are legal evidence in the case. Such summaries, charts or diagrams, however, are not in and of themselves proof of any facts. If such summaries or charts do not correctly reflect facts or figures shown by the legal evidence in the case, you may disregard them entirely.

12

## **ALL PERSONS EQUAL BEFORE THE LAW**

The fact that Teresa Readnower is an individual and General Ionics is a corporation must not enter into or impact your verdict. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Both Teresa Readnower and General Ionics are entitled to the same fair trial at your hands. All persons, including corporations such as General Ionics, stand equal before the law, and are to be dealt with as equals in a court of justice. Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

13

## AGENTS

The defendant is a corporation. A corporation can act only through its agents; that is, the people who make up the management of the corporation or others who are agents for the corporation. A supervisor or manager may bind the corporation by actions done while acting within the scope of his/her duties as an employee of the entity.

If you find that a member of defendant's management acting within the scope of their employment had knowledge of a particular fact, then you should find that the defendant as a corporation had knowledge of that fact.

14

## OPINION WITNESS

In this case, you have heard the testimony of witnesses who have rendered opinions. Persons who have experience in any art, science, profession, or calling, may state their opinions in a matter which is relevant to the case. They may also state the reasons for their opinion.

You should consider each opinion received in this case separately and give it such weight as you think it deserves. You may consider the education, training, and experience of the opinion witnesses when determining the weight of their opinions. You may reject the opinion in whole or in part if you conclude the reasons given in support of the opinions are unsound.

As with other witnesses, however, you must decide what weight should be given the testimony of each opinion witness. In determining its weight, you may take into consideration the witness's knowledge, experience, education, truthfulness and familiarity with the facts of the case as well as other means of testing credibility and determining the weight to be given to the testimony. In short, you may use all those tests you ordinarily use in everyday life to determine whether an individual is well-informed regarding the matters he or she has talked about.

15

## **COMPENSATION OF OPINION WITNESS**

You will recall that during the trial, opinion witnesses were asked if they had been or will be compensated for their services.  It is not improper for an opinion witness to be compensated for services.  It is a customary and accepted procedure.  No possible suggestion of impropriety results from compensation for the services of an opinion witness, including compensation for giving testimony at trial.

16

## STATEMENT OF THE CASE

Plaintiff claims that defendant terminated her employment in retaliation because she:

(1)  engaged in protected activity under the anti-discrimination laws by complaining of employment discrimination and by filing a charge with the Equal Employment Opportunity Commission; and

(2)  took leave from work under the Family and Medical Leave Act.

Defendant denies each of plaintiff's  claims.   It is defendant's  position that plaintiff was not retaliated against in any way.  Defendant further asserts that plaintiff's eventual termination was caused by her own actions and was not due to her protected activity.

17

## <u>FAMILY AND MEDICAL LEAVE ACT</u>

The Family and Medical Leave Act entitles eligible employees to take up to 12 weeks of unpaid leave in any 12-month period for qualifying medical or family reasons. An employer may not terminate an employee for exercising her rights under the Family and Medical Leave Act.

In order to establish a claim of retaliation under the Family and Medical Leave Act, plaintiff must prove by the preponderance of the legal evidence that:

(1)     she availed herself of a right that is protected by the Act;

(2)     she suffered an adverse employment action; and

(3)     there is a causal connection between plaintiff's   protected activity and the adverse employment action.

18

## **RETALIATION**

It is unlawful for an employer to terminate an employee because she has opposed unlawful employment discrimination.  In order to establish a claim for retaliation for opposing unlawful employment discrimination, plaintiff must prove:

1) that she engaged in protected activity;

2) that defendant knew she engaged in protected activity;

3)  that she was the subject of an adverse employment action by defendant at the time or after plaintiff engaged in the protected activity;  and

4)  that a causal link or connection existed between the protected activity and the defendant's  adverse employment action.

19

## **PROTECTED ACTIVITY**

Protected activity includes complaining about possible discriminatory treatment or conduct, filing a charge of discrimination with the Equal Employment Opportunity Commission and exercising a right under the Family and Medical Leave Act.

20

## **CAUSAL CONNECTION**

In order to establish a causal connection between protected activity and termination of her employment, plaintiff must prove by a preponderance of the legal evidence that her termination was motivated at least in part by the exercise of her rights under the Family and Medical Leave Act and/or her engagement in protected activity.

The plaintiff need not prove that the sole purpose of the termination of her employment was because she engaged in protected activity. It is sufficient for plaintiff to prove that her engaging in protected activity was a determining factor in the termination of her employment. "Determining factor" means a reason that made a difference in defendant's decision to terminate plaintiff's employment. Retaliation is not a determining factor if plaintiff would have been terminated without it.

21

## **REASONABLE AND GOOD FAITH BELIEF**

To establish her claim, the plaintiff need not prove the merits of the underlying discrimination complaint. The plaintiff need only establish that she had a reasonable and good faith belief that her employer engaged in unlawful employment discrimination.

22

## DEFENDANT'S CLAIMED LEGITIMATE
## NONRETALIATORY REASONS

At all times the burden of proof remains with the plaintiff and she must convince you by a preponderance of the legal evidence that her exercising her rights under the Family and Medical Leave Act and/or her engagement in other protected activity was a determining factor in the termination of her employment.   In deciding whether plaintiff has met her burden of proof, you are to take into consideration the reasons given by the defendant for its decision to terminate plaintiff's  employment.  In this case, defendant asserts that it had a legitimate reason to terminate plaintiff's employment because of her alleged serious misconduct as a supervisor by mistreating employees and providing alcohol to and drinking with those she supervised, including underage individuals, during work hours.  Defendant need only articulate a legitimate non-discriminatory reason.

Plaintiff can only carry her burden of proof by proving that her exercising of her rights under the Family and Medical Leave Act and/or engagement in other protected activity was a determining factor in defendant's  decision, notwithstanding defendant's  stated reasons.  She may show this by demonstrating that the reasons offered by defendant for her termination were not the true reasons, but were a pretext for intentionally terminating her employment in retaliation for exercising her rights under the Family and Medical Leave Act and/or engaged in other protected activity.

23

## **"PRETEXT" - DEFINITION**

A "pretext" is a fictitious reason advanced to conceal a real one. There are different ways plaintiff can establish "pretext" and have sufficient proof. Plaintiff may show that her engagement in protected activity was the reason for defendant's actions, notwithstanding the stated reason, or plaintiff can establish pretext by showing that the stated reason had no basis in fact, did not actually motivate the defendant's decision, or was insufficient to motivate the decision.

If plaintiff failed to establish pretext by a preponderance of the legal evidence, you must conclude that the exercise of rights under the Family and Medical Leave Act by plaintiff and/or her engagement in other protected activity were not a determining factor in the decision to terminate her employment with defendant.

24

## BUSINESS DECISIONS

An employer is entitled to make business decisions. A business decision can be based on subjective evaluations of an employee's conduct and/or performance, and making such evaluations does not automatically subject the employer to liability, nor does it automatically insulate the employer from liability.

You may consider the reasonableness or lack of reasonableness of defendant's stated business judgment along with all the other legal evidence in determining whether defendant terminated plaintiff in retaliation for exercising her rights under the Family and Medical Leave Act and/or because of her protected activity.

As long as an employer has an honest reasonable belief in its proffered legitimate reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect.

25

## **PREFACE TO INSTRUCTION ON DAMAGES**

The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to what your verdict in this case should be.  Instructions as to the measure of damages are given only for your guidance.

26

## **DAMAGES - INTRODUCTION**

You may determine from the evidence what sum of money will adequately compensate the plaintiff. You are not to award any damages unless the plaintiff has established by a preponderance of the legal evidence that the damage was directly caused by unlawful acts of the defendant.

27

## DIRECT CAUSE

Because plaintiff seeks to recover damages from defendant, she not only must prove that defendant acted wrongfully, plaintiff must also show that such action was a direct cause of her damages. In other words, plaintiff cannot recover for damages that were caused by circumstances other than defendant's alleged wrongdoing.

Damages are directly caused by an act or failure to act when the act or failure to act played a substantial part in bringing about or actually causing the damage, and without which the damage would not have occurred.

Therefore, plaintiff is not entitled to any damages that she may have incurred which were not caused directly by any alleged wrongdoing by defendant.

You cannot consider any amount of damages for a pre-existing condition. You may consider and determine, however, an amount of damages for whatever actual aggravation of a pre-existing condition the plaintiff has proved by the preponderance of the legal evidence she has incurred as the direct result of any alleged wrongdoing by the defendant.

28

## DAMAGES - BACK PAY AND BENEFITS

In making your determination of damages, you may consider the amount of the plaintiff's lost back pay and fringe benefits if any, from the time of the termination of plaintiff's employment to the time of trial.

Any award of back pay and benefits should make the plaintiff whole, that is, place her in the position she would have occupied but for the retaliation. Back pay and benefits awards should completely redress the economic injury the plaintiff has suffered as a result of the retaliation. The plaintiff therefore should receive her lost salary, including any raises, which she would have received but for the alleged retaliation and which she has established by the preponderance of the legal evidence. Back pay should also include any fringe benefits the plaintiff would have received had the retaliation not occurred.

29

## DAMAGES - FRONT PAY

You may award plaintiff front pay. Front pay may include the amount plaintiff reasonably would have earned from the day you return a verdict, until the date you find plaintiff's loss of front pay will cease. If you award front pay, you must consider: the plaintiff' s future in the position from which she was terminated, the plaintiff's obligation to mitigate damages by seeking other employment, the availability of comparable employment opportunities and the time to reasonably find substitute employment.

If you award plaintiff front pay, any sums so awarded must be reduced to their present value. This sum is then to be reduced by the amount you find plaintiff will be able to earn during that same period. Any award of front pay you may make is limited to the amount required to place plaintiff in the position she would have occupied in the absence of retaliation.

If you decide to award front pay to plaintiff, you must determine the present worth of such an amount, since the award of front pay requires that the payment be made now for the loss that will not actually be sustained until some future date. Under these circumstances, the law requires an adjustment because the plaintiff will be reimbursed in advance of her loss and will have the use of the money that she would not have received until some future date.

30

To make a reasonable adjustment for the interest-free, present value of money representing plaintiff's anticipated future loss, the law requires that you discount, or reduce to its present worth, the amount of the anticipated loss by (1) taking the interest rate or return which plaintiff could reasonably be expected to receive on an investment on the lump-sum payment, together with the period of time over which the future loss is reasonably certain to be sustained, and (2) deducting from the total amount of anticipated future loss the amount that would reasonably be earned if invested at such rate of interest over such future period of time. You are to include in your verdict an award for only the present worth - the reduced amount - of the anticipated future loss.

31

## DAMAGES - DUTY TO MITIGATE

The plaintiff has the duty to use reasonable efforts to mitigate (lessen) her damages.

The plaintiff, however, does not have the burden of proving that she mitigated her damages. On this issue, defendant has the burden of showing by a preponderance of the legal evidence that the damages were lessened or might have been lessened by the plaintiff.

You must consider whether the plaintiff fulfilled the duty to exercise reasonable diligence and make reasonable efforts to lessen the economic consequences of the alleged unlawful acts. In this regard, the law imposes on the plaintiff a duty to use reasonable diligence and reasonable means to pursue alternative employment in order to prevent any economic loss she may suffer by reason of her loss of continued employment. The plaintiff may not recover damages if she incurred them as a result of her lack of diligence in failing to pursue alternative employment.

You should consider all of the legal evidence introduced on this point and determine whether any amounts should be deducted from any award to the plaintiff.

The burden of proof is on the defendant to prove by a preponderance of the legal evidence the amount of the deduction from any award to the plaintiff.

32

## COMPENSATORY DAMAGES

You may award such compensatory damages only for injuries that plaintiff proves by a preponderance of the legal evidence were caused by defendant's allegedly wrongful conduct.  This amount should not include any damages that you determine would constitute lost wages and benefits.

The damages that you award must be fair compensation – no more and no less.  You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's  alleged unlawful acts.   No legal evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the legal evidence presented at the trial.

In determining the amount of any compensatory damages, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the legal evidence.

You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

33

You should not interpret the fact that I have given an instruction about compensatory damages as an indication in any way that I believe plaintiff should, or should not, receive compensatory damages.

34

## NO DOUBLE RECOVERY

Even though plaintiff is claiming damages under several different legal theories, she may have only one recovery. That is, plaintiff cannot recover double or triple damages. Therefore, if you should find that plaintiff is entitled to damages, you may not multiply the amount because there are several different claims.

This case does not involve any claims of sexual harassment or gender discrimination. The issues before you are whether plaintiff was terminated from her employment in retaliation for exercising her rights under the Family and Medical Leave Act and/or engaging in a protected activity.

35

## PUNITIVE DAMAGES

If you find for plaintiff on any of her claims, you may also consider whether you will separately award punitive damages.

Punitive damages may be awarded against defendant as a punishment to discourage others from committing similar wrongful acts. You are not required to award punitive damages to plaintiff, and you may not do so unless you find by clear and convincing evidence that defendant acted with actual malice or reckless indifference to plaintiff's known rights.

Actual malice is defined as that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge.

Reckless indifference is defined as a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor actuated by passion or prejudice. The amount of punitive damages rests in the sound judgment of the jury and should be determined from all the evidence in the case. If no amount is awarded for punitive damages, write the word "none" in lieu of an amount in the space provided on the verdict form.

36

## CLEAR AND CONVINCING LEGAL EVIDENCE

Clear and convincing legal evidence is more than a preponderance of the legal evidence. It is a degree of certainty that will produce a firm belief or conviction as to the facts sought to be established. Clear and convincing legal evidence is proof of the facts which is greater than a preponderance of the legal evidence, but not as great as the "proof beyond a reasonable doubt" needed to convict someone of a crime.

37

## **VERDICT FORM**

You will have with you in the jury room the following Special Verdicts.  No inference is to be drawn from the way I read the forms and you must unanimously agree upon your verdict.

38

## CLOSING REMARKS

Nothing that I have said in these instructions and nothing in the manner in which the Special Verdicts have been prepared or explained to you is intended to suggest or convey in any way a result I think you should reach as this is the exclusive duty and responsibility of the jury. I state to you categorically that the Court has no opinion as to the disputed facts of this case, or the propriety of any verdict you may return.

I cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions.

I have instructed you on all the law necessary for your deliberations. Whether certain instructions are applicable may depend upon the conclusions you reach on the facts.

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of all the legal evidence in the case with other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

39

Do not surrender your honest conclusion as to weight or effect of the legal evidence, however, solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges–impartial triers of the facts. Your sole interest is to ascertain the truth from the legal evidence in the case.

Do not take a firm position at the outset and then be too proud to change your position if you become convinced that your position is wrong.

You must not be influenced by any consideration of sympathy or prejudice. It is your duty to carefully weigh the legal evidence, to decide all disputed questions of fact, to apply these instructions to your findings, and to render your verdict accordingly. In fulfilling your duty, your efforts must be to arrive at a just verdict. Consider the legal evidence and make your findings with intelligence and impartiality, and without bias, sympathy or prejudice, so that the litigants will feel that their case was fairly and impartially tried. If, during the course of the trial, I said or did anything which you consider an indication of my view on any disputed fact, you are instructed to disregard it because only you, the Jury, determine such matters.

If during your deliberations you wish to communicate with me, please put your communication in writing and give it to the Courtroom Deputy who will deliver it to me.

40

The Court will place in your possession the exhibits, the Special Verdicts and a copy of these instructions.

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will retain possession of these records and return them to the courtroom. The foreperson will see that your discussions are orderly and that each juror has the opportunity to discuss the case and to cast his or her vote; otherwise, the authority of the foreperson is the same as any other juror.

Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict. When you arrive at a unanimous verdict - that is whenever all of you agree upon a verdict - you will sign the Special Verdicts in ink and notify the Courtroom Deputy. You will then be returned to the courtroom.