Summary of Billable Hours and Costs

Teresa Readnower v. General Ionics, Inc.
Case No.: C-1-01-654

| Freking & Betz Attorneys/Paralegals | Total No. of Hours | Hourly Rate | Lodestar Total |
|---|---|---|---|
| Randolph H. Freking | 152.3 | 385 | $58,635.50 |
| Sheila M. Smith | 8.4 | 260 | $2,184.00 |
| Megan E. Clark | 329.8 | 235 | $77,503.00 |
| Carrie Atkins Barron | 12.1 | 240 | $2,904.00 |
| Leanne R. Montgomery | 3.2 | 150 | $480.00 |
| Rebecca Algenio | 1.9 | 125 | $237.50 |
| Tod Thompson | 14.5 | 115 | $1,667.50 |
| Kathi J. Huber | 22.3 | 95 | $2,118.50 |
| Clinton R. Collins | 58.3 | 95 | $5,538.50 |
| Suzanne L. Mehl | 29.9 | 95 | $2,840.50 |
| Nicole Seeling | 16.5 | 85 | $1,402.50 |
| Cindy Piecoro | 8.7 | 85 | $739.50 |
| Alicia Cole | 2.0 | 65 | $130.00 |
| Angel Carpenter | 41.0 | 65 | $2,665.00 |
| Phyllis Jones | 5.8 | 60 | $348.00 |
| Law Clerks (various) | 29.8 | 60 | $1,788.00 |
| Jenna White | 3.7 | 25 | $92.50 |
| **Total Fees** | 740.2 | | $161,274.50 |
| **Total Costs** | | | $14,646.14 |
| **Total Fees and Costs** | | | $175,920.64 |



PLAINTIFF'S EXHIBIT A

Received: 8/13/01 11:05   -> 215 EAST 9th STREET;   Pag
                                                                  ;513 564 7627   # 2/

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FILED**

AUG 1 3 2001

KENNETH J. MURPHY, C
CINCINNATI, OHIO

THOMAS A. MCDANIEL, et al.,

    Plaintiff(s)

v.

CITY OF CINCINNATI, et al.,

    Defendant(s)

Case No. C-1-99-325

District Judge Susan J. Dlott

## AMENDED JUDGMENT IN A CIVIL CASE

    Decision by Court: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

    ...the court GRANTS Plaintiff's Application for Attorney Fees (Doc. 50). The Court finds that a multiplier of 1.6 is appropriate for the hours expended by Mr. Freking in furtherance of the Plaintiff's case-in-chief and a multiplier of 1.25 is appropriate for the hours expended by Ms. Barron in furtherance of the Plaintiff's case-in-chief. Thus, Mr. Freking is awarded $282,642 and Ms. Barron is awarded $108,091.25. All other hours and costs remain as the Plaintiffs have set forth in their submission to the Court. This case is DISMISSED.

August 13, 2001

Kenneth Murphy, Clerk

Vicki Penley
Deputy Clerk



PLAINTIFF'S EXHIBIT B

55

FILED

AUG 9 2001

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS A. MCDANIEL, et al.,

   Plaintiff(s)

v.

CITY OF CINCINNATI, et al.,

   Defendant(s)

Case No. C-1-99-325

District Judge Susan J. Dlott

## JUDGMENT IN A CIVIL CASE

Decision by Court: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

...the court GRANTS Plaintiff's Application for Attorney Fees (Doc. 50). The Court finds that a multiplier of 1.6 is appropriate for the hours expended by Mr. Freking in furtherance of the Plaintiff's case-in-chief and a multiplier of 1.25 is appropriate for the hours expended by Ms. Barron in furtherance of the Plaintiff's case-in-chief. Thus, Mr. Freking is awarded 4282,642 and Ms. Barron is awarded $108,091.25. All other hours and costs remain as the Plaintiffs have set forth in their submission to the Court. This case is DISMISSED.

August 9, 2001

Kenneth Murphy, Clerk

Vicki Penley
Deputy Clerk

FILED
AUG ⋯ 2001
KENNETH J. MURPHY, Cl[e]
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas A. McDaniel
& Gregory E. Kammer                       :    Case No. C-1-99-325
                                          :
                Plaintiffs                :    District Judge Susan J. Dlott
                                          :
v.                                        :    ORDER
                                          :
City of Cincinnati et al.                 :
                                          :
                Defendants                :

This matter comes before the Court on Plaintiffs' Counsel's Application for an Award of Attorney Fees and Expenses (Doc. #50). Plaintiffs Thomas A. McDaniel and Gregory E. Kammer brought suit under 42 U.S.C. § 1983 and Ohio state law against Defendants City of Cincinnati and named police officials, alleging unconstitutional retaliation for the exercise of protected expression. Plaintiff McDaniel also asserted claims under federal and state law for unlawful seizure.

Trial began on April 3, 2001. On April 20, 2001, the Plaintiffs concluded their case, and on April 23, 2001, the parties reached a settlement. The settlement included the following agreement:

> Defendants also acknowledge that Plaintiffs' counsel is entitled to an award of attorneys' fees and expenses to be determined by the Honorable Susan J. Dlott. Defendants agree not to oppose such an award, except Defendants may challenge any "multiplier" sought by Plaintiffs' counsel to the lodestor [sic] amount. The lodestor [sic] amount and Plaintiffs' actual expenses will be established by Plaintiffs' counsel's time and billing records, which have been maintained in the ordinary course of Plaintiffs' counsel's work exclusively in connection with Case No. C-1-99-325. All parties agree they will not appeal the decision of Judge Dlott and that such decision will be final and binding. The fees and expenses award will be paid by Defendant City within fifteen (15) days of the award.

53

Ex. 3 at 4-5, Aff. of Randolph H. Freking, Doc. #50.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Here, Plaintiffs and Defendants agree that the hours documented and rates proposed by Plaintiffs' counsel are reasonable. These yield a lodestar amount of $301,383.50. Plaintiffs' counsel also incurred costs in the amount of $16,985.08.

With respect to the hours expended in furtherance of Plaintiffs' case-in-chief, however, the Plaintiffs ask the Court to multiply the lodestar amount of Randolph Freking, their lead trial attorney, by two, and that of Carrie Atkins Barron, their lead discovery attorney, by one-and-one-half. The Hensley Court explained, "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id. at 434; see also Putnam v. Davies, 960 F. Supp. 1268, 1271-72 (S.D. Ohio 1997) ("When this lodestar amount is computed and if circumstances warrant, the court may thereafter adjust the award, by applying a multiplier or divisor."). This Court has also held,

> [A]n upward adjustment for the risk of a contingency case may be appropriate if the fee applicant establishes "without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local . . . market'" and any enhancement reflects 'the difference in market treatment of contingent fee cases *as a class*, rather than . . . the 'riskiness' of any particular case."

James v. Frank, 772 F. Supp. 984, 1002 (S.D. Ohio 1991) (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 731, 733 (1987) (O'Connor, J., concurring)). Here, the Plaintiffs achieved extraordinary success: they received both cash and reinstatement.[1] In addition, the evidence introduced at trial and in support of the instant Motion indicates that Plaintiffs

---

[1] At the final pretrial conference, counsel for Defendant City of Cincinnati indicated that reinstatement was not a possibility.

2

would have encountered substantial difficulties in finding counsel in the local market and that this market treats contingent fee cases differently than other cases.

Applying these standards to the evidence in this case, however, suggests to the Court that multipliers of two and one-and-one-half are too high. The Court finds that a multiplier of 1.6 is appropriate for the hours expended by Mr. Freking in furtherance of the Plaintiffs' case-in-chief, and a multiplier of 1.25 is appropriate for the hours expended by Ms. Barron in furtherance of the Plaintiffs' case-in-chief. Thus, Mr. Freking's efforts are compensable as follows:

504.7 (hours) x 350 (hourly rate) x 1.6 (multiplier) = $282,632.

Similarly, the Court computes Ms. Barron's fee as follows:

402.2 (hours) x 215 (hourly rate) x 1.25 (multiplier) = $108,091.25.

All other hours and costs remain as the Plaintiffs have set forth in their submissions to the Court. Therefore, the Court determines that Plaintiff's counsel are entitled to a total amount of $445,973.83.

IT IS SO ORDERED.

_____
Susan J. Dlott
United States District Judge

3

Received: 1/31/02 10:13 -> 215 EAST 9th STREET; Page
10·10 JAN 31, 2002 ID: U.S. ..RTS    TEL NO: (513) 564    #1908; PAGE: 2/7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT M. GATCH,                :    NO. C-1-99-1009
         Plaintiff,             :
                                :
    v.                          :    ORDER
                                :
MILACRON, INC.,                 :
         Defendant.             :



This matter is before the Court on Plaintiff's Application for Attorneys' Fees and Costs (doc. 65); Defendant's Response (doc. 70); and Plaintiff's Reply (doc. 72).

Plaintiff contends that as the "prevailing party" in this action, he is "entitled to recover attorney fees" for "all time reasonably spent on a matter." (doc. 65)(citing Northcross v. Bd of Education of Memphis School District, 611 F.2d 624 (6th Cir. 1979). Both Parties agree that the appropriate starting point in evaluating this issue is to award a reasonable hourly rate and multiply that amount by the number of hours reasonably expended on the litigation (docs. 65 & 70)(citing Hensley v. Eckerhart, 461 U.S. 424 (1983).

Plaintiff's Counsel requests fees based on an hourly rate of $350 for Randolph H. Freking; $200 per hour for Megan E. Clark; $250 per hour for Carol S. Wood; and $175 per hour for Tamara F. Stenzel (doc. 65). Defendant contends that these rates are excessive in the relevant community and proposes lower hourly rates for each of these individuals (doc. 70).



Received:    1/31/02 10:14        -> 215 EAST 9th STREET;   Page
10:11 JAN 31, 2002  ID: U.S. ... COURTS        TEL NO: (513) 564-    5        #19081  PAGE: 3/7

Attorney fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." Blum v. Stenson, 465 U.S. 886 (1984). Plaintiff's Counsel contend that they were awarded similar fees in a recent case in this community. McDaniel, et al. V. City of Cincinnati, Case No. C-1-99-325 (Southern District of Ohio)(Dlott, J.). Plaintiff has also submitted affidavits from prominent members of the Cincinnati legal community stating that Plaintiff's Counsel performed their duties in an exceptional manner in this case and that their fee requests are not extraordinary in this area. Plaintiff's Counsel has submitted a detailed list of the hours expended in this litigation and his application contains an explanation of why most of the hours involved were necessary. Therefore, Plaintiff contends that his request is reasonable and appropriate.

Defendant contends that the hourly rates requested by Plaintiff's Counsel are excessive (doc. 70). In support of this proposition, Defendant directs the Court's attention to several recent cases in the Cincinnati area where Plaintiffs' attorneys have been awarded a lower hourly fee. See Vann v. University of Cincinnati, et al., No. C-1-00-846(S.D. Ohio Jan. 2, 2001.); McLindon v. Russel, 108 F. Supp. 2d 842 (S.D. Ohio 1999); Beya v. Hoxworth Schwartz, No. C1-94-407 (S.D. Ohio Aug 25, 1998). These hourly rates (adjusted for a 4% cost of living increase to 2001) range from $175 to $250 per hour.

Defendant next refers the Court to a 1990 article from

2

Received: 1/31/02 10:14    -> 215 EAST 9th STREET;   Pag
10:11 JAN 31, 2002   ID: U.S. COURTS    TEL NO: (513) 564 .45    #19081 PAGE: 4/7

Ohio Law relied upon in <u>James v. Runyon</u>, 868 F. Supp. 911 (S.D. Ohio 1994). The rates listed in 1990 were $177.50, but when projected to the year 2001 with 4% annual pay increases, would represent a fee of approximately $262.72 per hour for a senior partner. Defendant also refers to a report conducted by Chief Judge Carl B. Rubin surveying attorney fees in 1983. Defendant projects these fees to 2001 to be $259 for senior partners (21 or more years of experience) and $196 for younger partners (six to ten years experience).

Finally, Defendant argues that the fees are excessive because they exceed the rate currently charged by Defense Counsel for their services in this case. According to Defendant's Attorneys, they charged Defendant $240 per hour for Mr. Townsend and $185 for Ms. Lampley's time in this matter (doc. 70). Defendant concedes, however, that at least one attorney for Defendant's law firm bill's $280 per hour for his legal services.

The Court has reviewed the sources presented on this subject and has concluded that the rates requested by Plaintiff's Counsel in this case are reasonable. There are several factors which lead the Court to this decision. The Court concludes that the cases presented by Defendant are inapposite to this litigation. This was not a relatively simple case as was noted in <u>Vann</u>. In fact, <u>Vann</u> expressly states that a higher rate might be appropriate in a more complicated case. This was a very difficult case. The Court considers this litigation to have been well prepared and well tried by both Defendant and Plaintiff. For this reason, the Court

3

Received:    1/31/02 10:15,          -> 215 EAST 9th STREET;    Pa
10:11 JAN 31, 2002  ID: U.S. ..OURTS         TEL NO: (513) 564 .45              #19081 PAGE: 5/7

concludes that Plaintiff's Counsel are entitled to a rate that might not be justified in a less complicated case.

The Court finds the other sources cited by Defendant to be similarly inapplicable. For instance, the Rubin Study cited by Defendants was conducted almost twenty years ago, and even when adjusted for inflation and cost of living increases, may not accurately reflect prevailing hourly rates at the present time.

The Court further concludes that it would not be appropriate to compare Plaintiff's requested fees to the fees charged by Defense Counsel in this litigation as suggested by Defendant. Defendants and plaintiffs are in fundamentally different situations when assessing their hourly rates. It would be unfair to impose the same hourly fee on each side of a typical case. In the typical case, the Plaintiff's attorney runs the quite substantial risk of recovering nothing at all. Defense attorneys, on the other hand, are not in need of any risk premium. Plaintiff's Counsel, in this litigation, took a large risk by proceeding to trial in this matter, and as a result recovered an amount for their client that far exceeds any amount he would have received in settlement of this issue. Had Plaintiff recovered nothing, Plaintiff's Counsel would also have recovered nothing. Plaintiff has not requested any "multiplier" in his fee calculation to award him for this risk. Therefore, the Court considers the proposed hourly rates reasonably compensate Plaintiff for this risk.

Furthermore, Plaintiff has been awarded the amounts he

4

Received: 1/31/02 10:15A -> 215 EAST 9th STREET; Pag
10:12 JAN 31, 2002 ID: U.S. .URTS   TEL NO: (513) 564-   5   #19081 PAGE: 6/7

requests by another Court in this District.  See <u>McDaniel v. City of Cincinnati</u>, No. C-1-99-325 (S.D. Ohio 2001).  Contrary to Defendant's assertions, it appears that the amount of fees was indeed in dispute in that litigation.  Plaintiff's Counsel has also represented that this is the fee which he charges for his time in those cases in which he bills his services by the hour.

Finally, Plaintiff has been practicing in the area of employment law since he was admitted to the bar in 1982 (doc. 65). Furthermore, Mr. Freking has been listed in every edition of "Best Lawyers in America" (Woodward-White) since 1995.  The Court considers Mr. Freking to be well-qualified in the area of employment law and his services in this case were exemplary.  For all of the reasons discussed above, the Court considers the requested hourly rates for Mr. Freking and other attorneys at his firm to be reasonable in this community.

The Court does conclude, however, that one adjustment to the fee request would be appropriate in this case.  Although not challenged by Defendant, the Court concludes that the hours presented by Plaintiff's Counsel may reflect duplication of efforts.  One example of this would be the use of two lawyers at trial instead of one.  The Court has reviewed all of the hours that Plaintiff contends were devoted to this litigation and concludes that they should be reduced by ten percent (10%) as applied to Plaintiff's Counsels' attorney fees.  This is not intended to reflect in any way upon how Plaintiff's Counsel handled this case. On the contrary, this Court has already noted that it found their

Received:   1/31/02 10:15A       -> 215 EAST 9th STREET;  Pag--
10:12 JAN 31, 2002  ID: U.S.    URTS         TEL NO: (513) 5    ,5         #19081  PAGE: 7/7

services to be exemplary. This adjustment is necessary, however, to ensure that Defendant is not taxed for any duplication of efforts by Plaintiff's Counsel.

Accordingly, Plaintiff's requested compensation for Mr. Freking's time should be based on 139 hours at the rate of $350 per hour, or $48,650. Similarly, Ms. Clark's time should be billed based on 103.14 hours at $200 per hour, or $20,628. Carol Wood should be awarded $13,117.50 (52.47 hours x $250); Tamara Stenzel should be awarded $8,363.25 (47.79 hours x $175). When combined with the other requested hours of paralegals and law clerks' time, Plaintiff's Counsel is entitled to an award of $98,745.75. In addition, Plaintiff is entitled to recover $1,905.55 in costs.

Having reviewed this matter, the Court hereby AWARDS Plaintiff's Counsel the amount of $100,651.30 for their successful efforts in this litigation. Accordingly, Plaintiff's Application for Attorneys' Fees is hereby GRANTED-IN-PART (doc. 65).

SO ORDERED.

Dated: 1/30/02

S. Arthur Spiegel
United States Senior District Judge