JAN 20 2004 08:44 FR                                    TO 13302525268        P.01/06
Get a Document - by Citation - 2003 U.S. App. LEXIS 24835                    Page 1 of 6
Case 1:01-cv-00654-HJW   Document 92-2   Filed 01/20/2004   Page 1 of 5

Service: Get by LEXSEE®
Citation: 2003 U.S. App. LEXIS 24835

*2003 U.S. App. LEXIS 24835, \**

BRIAN A., by his next friend, BOBBI JEAN BROOKS; TRACY B., by her next friend, PAMELA PALLAS; JACK and CHARLES C., by their next friend, LINDA LLOYD; AMY D., by her next friend, FRANK NOON; DENISE E., by her next friend, LINDA LLOYD; CHARLETTE F., by her next friend, JUANITA VEASY; and TERRY G., by her next friend, CAROL OLDHAM, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Appellees, v. GEORGE W. HATTAWAY, Comissioner of the Tennessee Department of Children's Services; DONALD SUNDQUIST, Governor of the State of Tennessee, Defendants-Appellants.

No. 02-5666

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

2003 U.S. App. LEXIS 24835

November 21, 2003, Filed

**NOTICE:** [\*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE. 00-00445. Campbell. 04-19-02. Brian A. by Brooks v. Sundquist, 149 F. Supp. 2d 941, 2000 U.S. Dist. LEXIS 18771 (M.D. Tenn., 2000)

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** In a class action civil rights suit on behalf of plaintiff minor children against defendant state governor and commissioner, a settlement agreement explicitly provided that the children were prevailing parties and, therefore, entitled to recover attorney fees pursuant to 42 U.S.C.S. § 1988. On appeal, defendants argued that the United States District Court for the Middle District of Tennessee abused its discretion in determining the fee award.

**OVERVIEW:** Defendants argued that the district court abused its discretion in determining the fee award by using an improper hourly rate and by failing to eliminate excessive hours. They contended that it was unreasonable to hire out-of-town specialist attorneys, and that New York attorneys in the case should not be paid the prevailing hourly rate for attorneys in New York City rather than for Nashville attorneys. Defendants offered declarations that Tennessee attorneys had brought four complex civil rights class actions. The children offered affidavits opining that there was no local attorney or coalition of local attorneys who had the resources, expertise, or willingness to bring the instant suit. Under the circumstances, the court of appeals found that the decision to hire out-of-town specialists was reasonable and not an abuse of discretion. Defendants alleged that the case was overstaffed, resulting in inefficiencies and unnecessary duplication of efforts. When faced with specific objections, the district court,

JAN 20 2004 08:44 FR                  TO 13302525268        P.02/06
Get a Document - by Citation - 2003 U.S. App. LEXIS 24835                Page 2 of 6
Case 1:01-cv-00654-HJW   Document 92-2   Filed 01/20/2004   Page 2 of 6

which was familiar with the case, reviewed the children's fee petition and twice required them to eliminate excessive hours. There was no abuse of discretion.

**OUTCOME:** The court of appeals affirmed the judgment of the district court.

**CORE TERMS:** out-of-town, hourly rate, specialist, excessive, hourly, billed, fee award, skill, billing, abuse of discretion, reputation, abused, hire, prevailing market rate, prevailing party, first instance, prevailing, expended, fee request, out-of-state, compensable, objected

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Costs & Attorney Fees > Attorney Fees
Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees

**HN1** A trial court has discretion in making the equitable judgments regarding an award of attorney fees under 42 U.S.C.S. § 1988. A trial court's fee award is entitled to substantial deference due to the trial court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. Accordingly, an appellate court reviews such awards for abuse of discretion. An abuse of discretion occurs if the trial court based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence, or the reviewing court is firmly convinced that a mistake has been made. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount
Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees

**HN2** A court's primary concern in an attorney fee case is that the fee awarded be reasonable. A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls for attorneys. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount
Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees

**HN3** The first step in calculating an attorney fee award under 42 U.S.C.S. § 1988 is to multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount
Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees

**HN4** In determining a reasonable hourly rate for an award of attorney fees under 42 U.S.C.S. § 1988, courts typically look to the prevailing market rate in the relevant community. The United States Court of Appeals for the Sixth Circuit has found that the prevailing market rate is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than a foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices. A court may, however, award a higher hourly rate for an out-of-town specialist if (1) hiring the out-of-town specialist was reasonable in the first instance, and (2) if the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount
Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees

**HN5** In the context of the reasonableness of an award of attorney fees under 42 U.S.C.S. § 1988, counsel for the prevailing party should make a good faith effort to

JAN 20 2004 08:45 FR                          TO 13302525268        P.03/06
Get a Document - by Citation - 2003 U.S. App. LEXIS 24835
Case 1:01-cv-00654-HJW   Document 92-2   Filed 01/20/2004   Page 3 of 6   Page 3 of 6

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount
Constitutional Law > Civil Rights Enforcement > Costs & Attorney Fees
HN6 In the context of the reasonableness of an award of attorney fees under 42 U.S.C.S. § 1988, in determining whether a prevailing party used poor billing judgment, a court of appeals looks to see whether the district court, based on experience and the record in the case, misapplied the reasonable billing practices of the profession. More Like This Headnote

**COUNSEL:** For BRIAN A., BOBBI JEAN BROOKS, TRACY B., PAMELA PALLAS, JACK C., CHARLES C., LINDA LLOYD, AMY D., FRANK NOON, DENISE E., CHARLETTE F. F., JUANITA VEASY, TERRY G., CAROL OLDHAM, Plaintiffs - Appellees: David L. Raybin, Hollins, Wagster & Yarbrough, Nashville, TN.

For BRIAN A., BOBBI JEAN BROOKS, TRACY B., PAMELA PALLAS, JACK C., CHARLES C., LINDA LLOYD, AMY D., FRANK NOON, DENISE E., CHARLETTE F. F., JUANITA VEASY, TERRY G., CAROL OLDHAM, Plaintiffs - Appellees: Marcia R. Lowry, Jeffrey K. Powell, Marcia R Lowry, Children's Rights, Inc., New York, NY.

For BRIAN A., BOBBI JEAN BROOKS, PAMELA PALLAS, CHARLES C., LINDA LLOYD, AMY D., FRANK NOON, DENISE E., CHARLETTE F. F., JUANITA VEASY, TERRY G., CAROL OLDHAM, Plaintiffs [*2] - Appellees: Ira P. Lustbader, Children's Rights, Inc., New York, NY.

For GEORGE W. HATTAWAY, DONALD SUNDQUIST, Defendants - Appellants: Dianne Stamey Dycus, Asst. Attorney Gen., Douglas E. Dimond, Elizabeth C. Driver, Office of the Attorney General, Nashville, TN.

**JUDGES:** Before: MOORE and ROGERS, Circuit Judges; FORESTER, District Judge. *

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

**OPINIONBY:** Rogers

**OPINION: ROGERS, Circuit Judge.** The instant case arises out of a class action suit filed against the state of Tennessee on behalf of children in the custody of the Tennessee Department of Children's Services. The appellees, the plaintiffs below, alleged that Tennessee's foster care system violated the constitutional and statutory rights of the children in its care. The case was settled, and the settlement agreement explicitly provided that the plaintiffs were prevailing parties and, therefore, entitled to recover attorney fees pursuant to 42 U.S.C. § 1988. The district court awarded the plaintiffs $ 1,524.357.99 in fees and expenses. The defendants below appeal, [*3] arguing that the district court abused its discretion in determining the fee award by using an improper hourly rate and by failing to eliminate excessive hours. We affirm the district court.

I. Background

The plaintiffs initially requested a total of $ 1,629,327.57 in fees and expenses for the work of two law firms -- Children's Rights, Inc. ("CRI"), located in New York City, and Hollins, Wagster and Yarbrough, a firm located in Nashville, Tennessee. The fee request was based on hourly rates ranging from $ 175.00 per hour to $ 375.000 per hour for the more than

JAN 20 2004 08:45 FR    TO 13302525268    P.04/06
Get a Document - by Citation - 2003 U.S. App. LEXIS 24855    Page 4 of 6
Case 1:01-cv-00654-HJW    Document 92-2    Filed 01/20/2004    Page 4 of 6

6,900 hours billed. The defendants objected to the sum requested, arguing that the hourly rates requested were excessive, the number of hours billed was unreasonable, and the expenses billed were unreasonable. Specifically, the defendants argued that, for work done by CRI attorneys, the plaintiffs improperly requested reimbursement at the prevailing hourly rate for attorneys in New York City rather than the prevailing hourly rate for attorneys in Nashville. The district court granted the plaintiffs' motion in part and denied it in part. While the district court explicitly approved the hourly rates sought by the plaintiffs, [*4] the court denied the plaintiffs' request for compensation for certain categories of work and expenses. The district court directed the plaintiffs to file an amended motion for fees and expenses.

The plaintiffs filed an amended motion for fees and expenses. The defendants again objected, and the district court again disallowed certain items. The district court directed the plaintiffs to file a second amended request for fees and expenses, which the plaintiffs did. The district court granted the motion and awarded fees and costs to the plaintiffs in the amount of $ 1,524,357.99. The defendants filed the instant appeal.

II. Standard of Review

HN1 A trial court has discretion in making the equitable judgments regarding an award of attorney fees under 42 U.S.C. § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). A trial court's fee award is entitled to substantial deference due to the trial court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters ...." *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir. 1995) (quoting [*5] *Hensley*, 461 U.S. at 437). Accordingly, an appellate court reviews such awards for abuse of discretion. *Id.* An abuse of discretion occurs if the trial court "based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence," *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 417 (6th Cir. 1999), or "the reviewing court is firmly convinced that a mistake has been made." *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). See also *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996) ("Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.") (citation omitted).

III. Analysis

HN2 A court's primary concern in a fee case is that the fee awarded be reasonable. See generally *Blum v. Stenson*, 465 U.S. 886, 893, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984). "A reasonable fee is one that is adequate to attract competent counsel, but ... [does] not produce windfalls for attorneys." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (internal quotations omitted). HN3 The first [*6] step in calculating an attorney fee award under 42 U.S.C. § 1988 is to multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Blum*, 465 U.S. at 888; *Adcock-Ladd*, 227 F.3d at 349. The defendants contend that the district court abused its discretion in determining both the number of hours reasonably expended and the reasonable hourly rate.

*A The district court did not abuse its discretion by awarding attorney fees for CRI attorneys based on out-of-state hourly rates.*

The district court did not abuse its discretion in awarding the hourly rates sought by the plaintiffs. HN4 In determining a "reasonable hourly rate," courts typically look to the "prevailing market rate in the relevant community." *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum*, 465 U.S. at 895). The Sixth Circuit has found that "the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than a foreign counsel's typical charge for work performed within a geographical area wherein [*7] he maintains his office and/or

JAN 20 2004 08:46 FR                                      TO 13302525268        P.05/06
Get a Document - by Citation - 2003 U.S. App. LEXIS 24835                          Page 5 of 6
Case 1:01-cv-00654-HJW    Document 92-2    Filed 01/20/2004    Page 5 of 6

normally practices ...." *Id.* A court may, however, award a higher hourly rate for an out-of-town specialist if (1) hiring the out-of-town specialist was reasonable in the first instance, and (2) if the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation. *Hadix,* 65 F.3d at 535.

The defendants do not contend that the rates sought by the CRI attorneys are unreasonable for attorneys of their degree of skill, experience, or reputation; rather they argue that it was unreasonable to hire an out-of-town specialist. The district court noted that it had reviewed both parties' submissions, and concluded, "With regard to the use of New York billing rates for out-of-town counsel, the Court finds that the use of an 'out-of-town specialist' was reasonable in the first instance and that the rates sought by out-of-town specialists are reasonable for an attorney of like degree and skill, experience and reputation." n1 The record included declarations by prior Tennessee Attorneys General, submitted by the defendants, referring to four complex civil rights class actions [*8] brought by Tennessee attorneys. The plaintiffs submitted affidavits from Tennessee experts in child and family law, who were familiar with the issues involved in the case and opined that there was no local attorney or coalition of local attorneys who had the resources, expertise, or willingness to bring the instant suit. While an independent review of this record would lead to some disagreement among members of this panel as to whether it was reasonable to hire out-of-state lawyers at more than double the local rate, we agree that under the deferential standard we are required to apply, the district court did not abuse its discretion in finding that the plaintiffs' decision to hire out-of-town specialists was reasonable.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 While the district court was required to provide a "clear and concise explanation of its reasons for the fee award," *Hadix,* 65 F.3d at 535 (citing *Hensley,* 461 U.S. at 437), given the limited evidence before it, the district court's failure to engage in extended analysis of its reasoning did not constitute an abuse of discretion.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*9]

*B. The district court did not abuse its discretion in determining the number of compensable hours.*

The district court also did not abuse its discretion in determining the number of compensable hours. The defendants contend that counsel for the plaintiffs exercised poor billing judgment, because the case was allegedly overstaffed, resulting in inefficiencies and unnecessary duplication of efforts. See *Hensley,* 461 U.S. at 434 HN5 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary ... Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.") HN6 In determining whether a prevailing party used poor billing judgment, this court "look[s] to see whether the District Court, based on experience and the record in the case, misapplied the reasonable billing practices of the profession." *Coulter v. Tenn.,* 805 F.2d 146, 151 (6th Cir. 1986).

The defendants do not object to particular time entries. Instead, they argue that the overall time expended by plaintiffs' counsel on various [*10] activities was excessive. When faced with specific objections, the district court -- which was familiar with the case -- reviewed the plaintiffs' fee petition and twice required the plaintiffs to eliminate excessive hours. While the eliminated hours constituted only a small percentage of the total hours claimed, absent more specific objections, we cannot say that the district court abused its discretion in refusing to

JAN 20 2004 08:46 FR     TO 13302525268     P.06/06
Get a Document - by Citation - 2003 U.S. App. LEXIS 24835     Page 6 of 6
Case 1:01-cv-00654-HJW     Document 92-2     Filed 01/20/2004     Page 6 of 6

reduce further the billable hours.

*IV. Conclusion*

The judgment of the district court is AFFIRMED.

Service: Get by LEXSEE®
Citation: 2003 U.S. App. LEXIS 24835
View: Full
Date/Time: Monday, January 19, 2004 - 2:38 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.