UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Teresa Readnower, : | |
| : | |
| Plaintiff, : | |
| : | Case No. C-1-01-654 |
| vs. : | |
| : | Judge Weber |
| General Ionics, Inc., : | |
| : | |
| Defendant. : | |

## RENEWED MOTION OF DEFENDANT, GENERAL IONICS, INC., FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50, Defendant, General Ionics, hereby renews its Motion for Judgment as a Matter of Law as to Plaintiff's retaliation claims on the ground that the evidence presented by Plaintiff at trial was insufficient, as a matter of law, for the jury to have found in her favor.  Therefore, Defendant respectfully requests that the Court enter judgment as a matter of law in its favor.  A memorandum in support of this renewed Motion is submitted herewith.

Respectfully submitted,

_____/s/ Jan E.Hensel_____
Jan E. Hensel (#0040785)  TRIAL ATTORNEY
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215-3506
Phone: (614) 221-8448  Fax: (614) 221-8590
E-mail:  jhensel@bdblaw.com
Attorneys for Defendant, General Ionics

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION AND PROCEDURAL BACKGROUND**

On September 26, 2001, Plaintiff filed her Complaint in this action, setting forth seven claims for relief:

- Count I       Gender Discrimination – Title VII
- Count II      Gender Discrimination – O.R.C. § 4112
- Count III     Sexual Harassment – O.R.C. § 4112
- Count IV      Retaliation – Title VII
- Count V       Retaliation – O.R.C. § 4112
- Count VI      FMLA Retaliation
- Count VII     Breach of Ohio Public Policy

This Court granted summary judgment on Plaintiff's gender discrimination and sexual harassment claims, and upon her public policy claim to the extent it was premised upon her claims of sexual harassment, gender discrimination, and FMLA violation.

On December 8, 2003, this matter proceeded to jury trial on Plaintiff's remaining claims. At the close of Plaintiff's case, Defendant moved the Court for judgment as a matter of law on all claims tried to the jury. The Court granted the Motion as to Plaintiff's claim that her termination violated Ohio public policy, and denied the Motion as to Plaintiff's remaining claims. At the close of all the evidence, Defendant renewed its motion for judgment as a matter of law on Plaintiff's remaining claims; the Court denied Defendant's renewed motion.

On December 18, 2003, the jury returned its verdict, awarding Plaintiff $128,320 in back pay on her Title VII retaliation claim.[1] After considering Plaintiff's Application for Attorneys Fees, the Court entered judgment on April 20, 2004. In accordance with the provisions of Fed.

---

[1] The jury found that Plaintiff failed to prove her claim that her termination was in retaliation for exercising her rights under the FMLA.

«CO2:276767_1»                                2

R. Civ. Pro. 50(b), Defendant, General Ionics, Inc., hereby submits its Renewed Motion for Judgment as a matter of law.

## II.    ARGUMENT

### A.    STANDARD FOR ENTRY OF JUDGMENT AS A MATTER OF LAW

When entertaining a motion for judgment as a matter of law pursuant to Rule 50, the Court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Gray v. Toshiba American Consumer Products, Inc.*, 263 F. 3d 595 (6th Cir. 2001). If, upon such review, the Court finds no legally sufficient evidentiary basis for the jury to have found for the nonmoving party, entry of judgment as a matter of law is appropriate. Fed. R. Civ. P. 50(a). Because Plaintiff presented no evidence to establish that her termination was the result of illegal retaliation, judgment should be entered in favor of Defendant General Ionics as a matter of law.

### B.    PLAINTIFF SUBMITTED NO EVIDENCE OF A CAUSAL CONNECTION BETWEEN HER PROTECTED ACTIVITY AND HER TERMINATION.

As the Court stated in its Order denying part and granting in part Defendant's Motion for Summary Judgment (the "Order"), the elements of Plaintiff's prima facie case of her claim that her termination was in retaliation for complaining of sexual harassment are: 1) that she engaged in protected activity/availed herself of protected right under Title VII; 2) the exercise of her civil rights was known by Defendant; 3) Defendant took an adverse employment action; and 4) a causal connection exists between the protected activity and the adverse employment action. [See Order, p. 16, *Walburn v. Erie County Care Facility*, 150 F.3d 584 (6th Cir. 1998)]. Because Plaintiff failed, in her case in chief, to prove that her termination was the result of illegal discrimination, judgment as a matter of law is appropriate.

At trial, the only evidence submitted by Plaintiff in support of her claim that her termination was causally connected to her protected activity related to timing of the termination. The Sixth Circuit is clear, however, that timing, in and of itself, is not sufficient to establish a causal connection. See, *Nguyen v. City of Cleveland*, 229 F.3d 559 (6th Cir. 2000); *Cooper v. City of North Olmstead*, 795 F.2d 1265 (6th Cir. 1986).

Plaintiff offered no other evidence of a causal connection between her protected activity and her termination. In her own testimony – which related almost exclusively to Mr. Goins' treatment of her and the effect on her life – she provided no evidence for a reasonable juror to conclude that her termination was caused by her complaint of sexual harassment. Because Plaintiff failed to present any evidence upon which a reasonable jury could find that the termination of her employment was causally related to her protected activity, General Ionics submits that the Court should enter judgment as a matter of law in its favor.

    **C.**    **PLAINTIFF SUBMITTED NO EVIDENCE FROM WHICH A REASONABLE JUROR COULD CONCLUDE THAT GENERAL IONICS' LEGITIMATE BUSINESS REASON FOR HER TERMINATION WAS A PRETEXT FOR ILLEGAL RETALIATION.**

Furthermore, even assuming, arguendo, that Plaintiff did introduce evidence from which a reasonable juror could find a causal connection between her protected activity and her termination, judgment as a matter of law is still appropriate because Plaintiff utterly failed to prove that Defendant's articulated legitimate reason for her discharge was pretextual. As this Court stated in its summary judgment Order, a Plaintiff may show pretext three ways: by establishing that 1) Defendant's reasons did not actually motivate the discharge; 2) the reasons were insufficient to motivate the discharge; or Defendant's reasons had no basis in fact. See Order, p. 14, *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078 (6th Cir. 1994).

The first pretext showing arises when the Plaintiff admits the factual basis underlying the employer's proffered reason and admits that such conduct could motivate dismissal. In such cases, the Plaintiff must present sufficient circumstantial evidence of discrimination to prove that an illegal motivation was more likely than that offered by Defendant. Id. At trial, Plaintiff did not establish pretext by this method. Even if Plaintiff had admitted the factual bases of Defendant's legitimate non-discriminatory reason for her discharge, she did not come forward with any additional evidence of retaliation which showed that more likely than not the employer's explanation is pretext.

The second method of showing pretext ordinarily consists of evidence that other employees engaged in conduct substantially identical to that of the Plaintiff but were not discharged. Plaintiff made no such showing at trial. She may have attempted to do so through Barry Bailey's testimony, but that testimony clearly established that Barry Bailey was not similarly situated to Plaintiff. Plaintiff presented no evidence that Barry Bailey treated his subordinates unfairly or publicly humiliated and demeaned them, and no evidence that he ever consumed alcohol on the clock, condoned his staff drinking on the clock, or provided alcohol to minors. Furthermore, this Court held, in its Motion for Summary Judgment decision that Barry Bailey is not "similarly situated." (Summary Judgment Order, p. 15). There was certainly no evidence introduced at this trial to alter that conclusion.

Finally, Plaintiff failed to establish pretext under the third showing – that Ionics' stated reason for her discharge was false. Plaintiff introduced <u>no</u> evidence that the information uncovered by Ms. Seger in her investigation – the information upon which Ionics based its decision to terminate Plaintiff's employment – was false. She did not even attempt to deny the

telemarketers' complaints about her rude, disrespectful, dictatorial, demeaning treatment. In addition, in her testimony, Plaintiff <u>admitted</u> that she served alcohol on the clock, to underage employees on her staff. Thus, because she made no attempt to disclaim the first reason for her discharge, and admitted the second, she has utterly failed to prove pretext.

Furthermore, the reason for Plaintiff's termination is the information Ms. Seger discovered in her investigation. This fact was uncontroverted at trial. Plaintiff submitted <u>no</u> evidence that Ms. Seger did not, in fact, discover the information upon which Ionics based its termination decision, nor that Ionics did not rely on Ms. Seger's findings. She submitted no evidence to refute that the telemarketers told Ms. Seger the information contained in her investigative notes regarding her treatment of them, and no evidence to dispute that they reported on-the-job drinking. Therefore, because Plaintiff submitted absolutely no evidence from which a reasonable juror could conclude that Ionics' legitimate, non-retaliatory reason for her termination was pretextual, the jury's verdict was improper, and judgment in favor of Ionics as a matter of law is appropriate.

Furthermore, application the honest belief rule to the evidence adduced at trial compels the conclusion that judgment should be granted in favor of Defendant as a matter of law. Under the honest belief rule, if Ionics honestly believed that it had legitimate business reasons for terminating the Plaintiff's employment, even if the underlying facts are incorrect, then Ionics' basis for the decision is legitimate, non-discriminatory and non-pretextual. *See, e.g., Kurincic v. Stein*, 30 Fed. Appx. 420, 2002 WL 231417 (6th Cir. 2002). The key inquiry is whether Ionics made a reasonably informed and considered decision before taking action with respect to Plaintiff's employment. *Smith v. Chrysler Corp.* (6th Cir. 1998), 155 F.3d 799.

Again, Plaintiff submitted no evidence at the trial to refute Ioncis compelling evidence as to its legitimate business reasons for terminating Plaintiff's employment. Even if she had attempted to dispute the truth of the reasons for her termination, however, she presented absolutely no evidence to refute that Ionics reasonably and honestly believed the truth of the information uncovered by Ms. Seger during the course of her investigation, which formed the basis for the decision to terminate Plaintiff's employment. Because of Plaintiff's complete failure of evidence refuting Ionics' honest belief of its legitimate business reason for the termination, judgment should be entered in favor of Defendant as a matter of law.

## II.    CONCLUSION

Plaintiff failed to carry her burden of proving that the reason for her termination was illegal retaliation. She presented no evidence from which a reasonable jury could reach this conclusion. Therefore, Defendant, General Ionics, Inc., respectfully requests that this Court grant judgment in its favor as a matter of law, in accordance with the provisions of Fed. R. Civ. Pro. 50.

Respectfully submitted,

         /s/ Jan E. Hensel
Jan E. Hensel (#0040785)  TRIAL ATTORNEY
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215-3506
Phone: (614) 221-8448  Fax: (614) 221-8590
E-mail:  jhensel@bdblaw.com
Attorneys for Defendant, General Ionics

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/ Jan E. Hensel
                                        Jan E. Hensel