UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERESA READNOWER, | : |
| | : |
| Plaintiff, | : |
| | : Case No. C-1-01-654 |
| vs. | : |
| | : Judge Weber |
| GENERAL IONICS, INC., | : |
| | : |
| Defendant. | : |

**REPLY MEMORANDUM OF GENERAL IONICS, INC., IN SUPPORT
OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

**I.     INTRODUCTION**

As this Court determined through its Orders issued both before and during the trial, this case was tried to a jury upon one issue: whether the termination of Plaintiff's employment was in retaliation for protected activity. At its essence, this case can be boiled down to whether General Ionics, Inc's ("Ionics")' stated reason for the termination of Plaintiff's employment was the real reason for her termination, or a pretext for illegal retaliation.

At the trial of this matter, Ionics' legitimate and compelling reason for terminating Plaintiff's employment—the fact that she brought alcohol to work, provided it to her employees, even those under the legal drinking age, during working hours, lied about her involvement in on-the-job drinking, and treated her staff in a rude, demeaning, and unprofessional manner--was supported by ample evidence. In contrast, Plaintiff submitted no evidence to rebut Ionics' legitimate business reason for the termination of her employment. It logically follows, then, that Plaintiff could direct the Court to no such evidence in her Memorandum in Opposition to Ionics' Motion for Judgment As A Matter of Law (hereinafter "Plaintiff's Memorandum"). Indeed, an

1

examination of the arguments relied upon by Plaintiff reveals that they are illusory, not substantiated by any evidence, and not supported by the cited case law. Application of the governing law to the evidence introduced at trial compels the conclusion that this Court should enter judgment as a matter of law in Ionics' favor.

## II. ARGUMENT

### A. PLAINTIFF SUBMITTED NO EVIDENCE AT TRIAL FROM WHICH A REASONABLE JURY COULD CONCLUDE THAT IONICS' LEGITIMATE, NON-RETALIATORY REASON FOR HER TERMINATION WAS FALSE.

As Ionics explained in its Renewed Motion for Judgment As A Matter of Law (hereinafter "Ionics' Motion") Plaintiff submitted no evidence at trial from which a reasonable jury could find that Ionics' legitimate reason for terminating Plaintiff's employment was false. Moreover, even if Plaintiff had attempted to refute the accuracy of the information upon which Ionics relied in reaching its decision to terminate Plaintiff's employment, she submitted absolutely no evidence from which a reasonable jury could conclude that Ionics did not honestly believe the stated reasons for Plaintiff's termination. See, e.g., *Kurincic v. Stein*, 30 Fed. Appx. 420, 425; 2002 U.S. App. LEXIS 2582 ("[S]o long as an employer honestly believed its proferred non-discriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it was ultimately shown to be mistaken or incorrect…. An employer has an honest belief in its reason for discharging its employee when the employer reasonably relied 'on the particularized facts that were before it at the time the decision was made.'")

Plaintiff was terminated because Julie Seger, a disinterested member of Ionics' Human Resources Department located in Bridgeville, Pennsylvania, discovered that Plaintiff had brought alcohol to work, served it to her employees, including minors, during working hours, and then

covered up her involvement in on-the-job drinking. Furthermore, Ms. Seger discovered that Plaintiff treated her staff with disrespect, demeaned, embarrassed and belittled them, and that her staff disliked her, feared her, mistrusted her, and dreaded her return from leave.

Plaintiff submitted absolutely no evidence at trial to discredit these reasons for her termination. An examination of her arguments and the case law supporting them compels the conclusion that, under the facts of this case, judgment should be entered in favor of Ionics as a matter of law.

      **B.**    **TIMING ALONE IS INSUFFICIENT, AS A MATTER OF LAW, TO SUPPORT AN INFERENCE OF DISCRIMINATION**

In her memorandum, Plaintiff cites to *Nguyen v. City of Cleveland*, 229 F.3d 559 (6th Cir. 2000) in support of her position that temporal proximity alone would be sufficient to support an inference of causal connection. An examination of the *Nguyen* case, however, reveals that the Sixth Circuit, in affirming summary judgment in favor of the employer on Plaintiff's retaliation claim, reaffirmed its position that "temporal proximity in the absence of other evidence of causation is not sufficient to raise an inference of a causal link." *Nguyen, supra*, 229 F.3d at 566 (citing *Parnell v. West,* 1997 U.S. App. LEXIS 12023, 1997 WL 271751 (6th Cir. 1997).

The *Nguyen* case stands for the proposition that temporal proximity, combined with other compelling evidence, may support a finding of retaliation.[1] Because, at the trial in this case, Plaintiff submitted no other evidence of retaliation, judgment as a matter of law in favor of Defendant is appropriate.

---

[1] The other cases cited by Plaintiff, *Smith v. Ameritech*, 129 F.3d 857 (6th Cir. 1997) and *Moon v. Transport Drivers, Inc.,* 836 F.2d 226 (6th Cir. 1987) support the same conclusion.

    **C.**     **BECAUSE PLAINTIFF SUBMITTED NO EVIDENCE OF RETALIATION OTHER THAN TIMING, JUDGMENT AS A MATTER OF LAW IN FAVOR OF IONICS IS APPROPRIATE**

    1.     Ionics Did Not Offer After The Fact, Inconsistent Explanations For Plaintiff's Termination.

Plaintiff cites to *E.E.O.C. v. Sears Roebuck & Co.,* 243 F.3d 846 (4th Cir. 2001) in support of her contention that "after the fact reasoning squarely demonstrates pretext." However, a comparison of the *Sears* case to the instant one demonstrates that the evidence submitted at trial in this case does not support Plaintiff's argument that Ionics offered "inconsistent, after-the-fact explanations" for Plaintiff's termination. In the *Sears* case, Plaintiff Francisco G. Santana alleged national origin discrimination because the Morehead City branch of Sears failed to hire him as a loss prevention officer in spite of his years of experience with Sears in another location. Instead, Sears hired a dramatically less qualified Caucasion woman with no foreign accent. In response to the charge of discrimination filed by Mr. Santana, Sears gave one reason for the failure to hire. During discovery in the subsequent lawsuit, however, Sears gave an entirely different reason. In addition, Sears management employees involved in the decision-making process provided contradictory testimony as to the reason Mr. Santana had received the runaround.

By contrast, in the instant case, Ionics has consistently stated its legitimate non-discriminatory reason for the Plaintiff's termination: her rude, belittling, and intimidating treatment of her staff and the fact that she brought alcohol to work, provided it to her staff, including minors, on the job, and then attempted to cover up her involvement with the on the job drinking. The fact that Ms. Seger, in attempting to soften the blow of Plaintiff's termination, did not detail all of the reasons in the termination meeting does not, as a matter of law, amount to "inconsistent explanations" that would support a finding of retaliation in this case.

Furthermore, Plaintiff cites to *Hinson v. Klinch Cty. Bd. of Education*, 231 F.3d 821 (11th Cir. 2000), and *Estrada v. Donnelly*, 708 F.Supp. 834 (W.D. Michigan 1998) in support of her argument that the fact that an employer articulated its current explanation for the termination only after plaintiff had filed his or her charge of discrimination constitutes strong evidence of pretext. In this case, however, Plaintiff filed her charge of discrimination prior to the termination of her employment. In responding to the Charge, Ionics stated the same reasons for Plaintiff's termination that it has stated from the time that the decision was made. There was certainly no evidence introduced at trial that Ionics had, prior to Plaintiff's filing of her charge of discrimination, articulated any reason inconsistent with the stated and legitimate reason for her termination.

> 2. Ionics Did Not Submit "Contradictory" Testimony Regarding Mr. Goins' Involvement in the Termination Decision.

Plaintiff makes much ado of what she characterizes as inconsistencies in Ionics' explanations regarding Mr. Goins' involvement in Plaintiff's termination decision. In fact, Plaintiff's arguments in this regard are simply much ado about nothing. Early on in this case, Plaintiff served an interrogatory asking Defendant to "Identify by name and job title all persons who played any role whatsoever in the decision to terminate Plaintiff." In response, Ionics identified David McKinley, Director of Operations; Daniel Goins, General Manager; Julie Seger, Human Resources Director, Bridgeville Division, Ionics, Inc.; and Mary Ann Manson-Winsser, Director of Human Resources, Ionics, Inc. Several months later, Ionics amended this interrogatory response to identify only Dave McKinley, Julie Seger, and Mary Ann Manson-Winsser as those individuals who "played any role whatsoever in the decision to terminate Plaintiff."

5

As Ms. Seger explained at trial, this amendment was to clarify the fact that although Mr. Goins was Plaintiff's director supervisor and general manager of the Cincinnati office and would therefore certainly have been consulted and advised regarding the termination decision, because he had been accused by Plaintiff of sexual harassment, he was insulated from the process of the termination decision. The testimony of Ms. Seger, Mr. McKinley and Mr. Goins on this point was not inconsistent despite Plaintiff's arguments to the contrary.[2] In light of Ms. Seger's compelling testimony as to the reasons for the termination, and Plaintiff's utter lack of any evidence to refute Ms. Seger's testimony, judgment in favor of Ionics should be entered as a matter of law.

> 3. Plaintiff Presented No Evidence From Which a Reasonable Jury, Unswayed By Sympathy, Could Have Rejected the Factual Bases Offered By Ionics In Support the Termination.

Plaintiff argues that Barry Bailey's involvement in "very similar activity" to that for which Plaintiff was terminated supports the jury's rejection of Plaintiff's involvement with on-the-job drinking as a legitimate reason for her termination. However, as was demonstrated by the testimony at the trial, and as this Court specifically ruled in its decision on Defendant's Motion for Summary Judgment, Mr. Bailey was not a valid comparator to Plaintiff. Mr. Bailey was never involved in on-the-job drinking. Mr. Bailey never provided alcohol to his employees while on the clock. When he was asked about his knowledge of drinking at General Ionics, Mr. Bailey freely admitted all that he knew. This is in direct contrast to Plaintiff's behavior, amply demonstrated by testimony at trial.[3]

Plaintiff also argues that the testimony of the telemarketers, as well as the consistent reports that the entire staff made to Julie Seger, is somehow tainted by Ms. Readnower's own

---

[2] As Ms. Seger testified at trial, Mr. McKinley's involvement was minimal.
[3] In addition, Mr. Bailey is not a valid comparator because there is no evidence that he ever treated his staff in a demeaning, disrespectful, and intimidating manner, as all evidence indicated that Plaintiff did.

testimony that Mr. Goins "set her up to fail" by mistreating and disrespecting her in front of her staff and peers. However, Plaintiff presented absolutely no evidence to refute the telemarketers' testimony and reports to Julie Seger about Plaintiff's treatment of them. Plaintiff herself did not even deny that these allegations and statements were true. Furthermore, Plaintiff presented no evidence to refute the telemarketers' testimony and reports to Julie Seger regarding Plaintiff's involvement with on the job drinking. Therefore, she presented no evidence from which a reasonable jury could properly have rejected Ionics' stated reason for her termination.

Finally, Plaintiff cites to *Webb v. Hyman*, 861 F.Supp. 1094 (D.D.C. 1994) for the proposition that "evidence that upon rejection of her supervisor's advances, supervisor changed plaintiff days off against her wishes, slowed processing of her disability papers, unfairly singled her out for theft investigations, and denied her leave was sufficient to show pretext." This argument, in fact, illuminates the impropriety of the jury's verdict and supports Ionics' position that judgment as a matter of law in its favor should be granted.

The issue to be decided by this jury was whether the termination of Plaintiff's employment was retaliatory. This Court specifically limited the issue to that of Plaintiff's termination, and ruled that Plaintiff's complaints about Mr. Goins' management style did not constitute protected activity and that any changes in Plaintiff's employment prior to her termination did not constitute actionable retaliation. Because Plaintiff submitted no evidence to refute Ionics' legitimate reason for her termination, it is quite likely that the jury's verdict in this matter was improperly based upon the changes that Mr. Goins made to Plaintiff's work schedule after she complained about Mr. Goins' management style to his supervisor. However, Plaintiff's complaints about Mr. Goins' management style were not protected activity, and the changes he made to Plaintiff's job prior to her termination were not actionable retaliation. The evidence that

Ionics' stated reason for the termination of Plaintiff's employment – the only issue the jury was properly charged with deciding – was pretextual, was absolutely non-existent. Therefore, Defendant respectfully requests that this Court enter judgment as a matter of law in its favor.

### III. CONCLUSION

For the reasons set forth above, and in Defendant's Renewed Motion For Judgment as a Matter of Law, Defendant, General Ionics, Inc., respectfully requests that this Court enter judgment in its favor as a matter of law.

Respectfully submitted,

/s/ Jan E. Hensel
Jan E. Hensel (#0040785)  TRIAL ATTORNEY
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215-3506
Phone: (614) 221-8448  Fax: (614) 221-8590
E-mail:  jhensel@bdblaw.com
Attorneys for Defendant, General Ionics

### CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail, to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jan E. Hensel
Jan E. Hensel