UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA READNOWER,

        Plaintiff,

    v.                                    Case No. C-1-01-654

GENERAL IONICS, INC.,

        Defendant.

## ORDER

This matter is before the Court upon defendant's renewed motion for judgment as a matter of law (doc. 96). Plaintiff opposes the motion (doc. 100).

### I. Procedural History

Plaintiff filed her complaint in this action on September 26, 2001. She raised claims of gender discrimination, sexual harassment and retaliation under Title VII, the Family and Medical Leave Act (FMLA), and state law, and a claim for breach of Ohio public policy. The Court granted summary judgment on plaintiff's gender discrimination and sexual harassment claims and upon her public policy claim to the extent it was premised upon the discrimination and harassment claims and the FMLA claim.

On December 8, 2003, the case proceeded to trial on plaintiff's remaining claims. At the conclusion of plaintiff's case, defendant moved for judgment as a matter of law as to all claims tried to the jury. The Court granted the motion with respect to plaintiff's public policy claim and denied the motion as to plaintiff's remaining claims. At the close of all the evidence, defendant

renewed its motion as to the remaining claims. The Court denied the motion.

The jury returned its special verdict on December 18, 2003. The jury found that plaintiff had not proved by a preponderance of the legal evidence a causal connection between the exercise of her rights under the FMLA and the termination of her employment. The jury determined that plaintiff had proved by a preponderance of the legal evidence that (1) there was a causal connection between her opposition to unlawful employment discrimination and the termination of her employment, (2) the reasons given by defendant for terminating plaintiff's employment were pretextual, and (3) plaintiff suffered damages in the form of back pay in the amount of $128,320. The Court entered judgment in favor of plaintiff for that amount on April 20, 2004.

Defendant moves the Court to enter judgment as a matter of law pursuant to Fed. R. Civ. P. 50 as to plaintiff's retaliation claims on the ground that the evidence presented by plaintiff at trial was insufficient, as a matter of law, for the jury to have found in her favor. Defendant claims that plaintiff presented no evidence to establish that her termination was the result of illegal retaliation. Defendant argues that the only evidence submitted by plaintiff in support of her claim that her termination was causally related to her protected activity was evidence pertaining to the timing of her termination, which is insufficient under Sixth Circuit law to establish a causal connection. Defendant further argues that even if plaintiff had introduced evidence from which a reasonable juror could find a causal connection, judgment as a matter of law is appropriate because plaintiff failed to prove that defendant's articulated legitimate reason for her discharge is pretextual.

## II. Standard of review

Fed. R. Civ. P. 50(a)(1) provides as follows:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

The Court may not grant a motion for judgment as a matter of law "unless reasonable minds could not differ as to the conclusions to be drawn from the evidence." **Paschal v. Flagstar Bank,** 295 F.3d 565, 582 (6th Cir. 2002)(citing **McJunkin Corp. v. Mechanicals, Inc.,** 888 F.2d 481, 486 (6th Cir. 1989)). The Court may not "weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." **Id.** (citing **Toth v. Yoder Co.,** 749 F.2d 1190, 1194 (6th Cir. 1984)). The court must instead view the evidence in the light most favorable to the opposing party, drawing from the evidence all reasonable inferences in that party's favor. **Id.**

## III. Opinion

Viewing the evidence in the light most favorable to plaintiff, the Court finds there is sufficient evidence for the jury to determine that plaintiff proved by a preponderance of the evidence that (1) there was a causal connection between plaintiff's opposition to unlawful employment discrimination and the termination of her employment, and (2) the articulated legitimate reason proffered by defendant for plaintiff's termination was a pretext for retaliation. Evidence presented at trial as to the close temporal proximity between plaintiff's EEOC charge and her termination and the other circumstances surrounding plaintiff's termination was sufficient for a reasonable jury to find the existence of a causal connection between plaintiff's protected activity and her termination. Similarly, there was sufficient evidence from which a

reasonable jury could determine that plaintiff's alleged performance problems and the alcohol incident described in the testimony were not actually motivating factors in the termination decision. The evidence on these matters does not so strongly favor defendant that reasonable minds could not come to differing conclusions based on the evidence presented. For these reasons, the Court finds that defendant is not entitled to judgment as a matter of law.

### IV. Conclusion

Defendant's renewed motion for judgment as a matter of law (doc. 96) is **DENIED.**

**IT IS SO ORDERED.**

                                          S/ Herman J. Weber
                                              HERMAN J. WEBER
                              SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\01-654jmol.wpd